IDA ISENSTEIN, Plaintiff, *v.* ANNIE D. MALCOMSON and Others, Defendants.

Supreme Court, New York County, March 11, 1929.

*Milton C. Weisman*, for the plaintiff.
*Cotton & Franklin*, for the defendant Annie D. Malcomson.

McCook, J.   This motion squarely presents the question whether a registered nurse, charged with treating a patient " in so careless, reckless, incompetent, negligent and unskillful a manner as to cause the plaintiff the injuries," is entitled to take advantage of the two-year Statute of Limitations provided in subdivision 1 of section 50 of the Civil Practice Act, in case of malpractice, or is relegated to the three-year period prescribed by subdivision 6 of section 49 of the same act in an action to recover damages for a personal injury resulting from negligence.   We have not been referred to any decision of the point, although a dictum in *Monohan* v. *Devinny* (131 Misc. 248, 249; mod. and affd., 223 App. Div. 547) appears to approve the application of the term "malpractice" to nurses.   We must, therefore, determine what that word means and whether the complaint in this case falls within such meaning.   Malpractice signifies bad practice on the part of certain individuals who treat injuries to the human body, either through lack of skill or neglect to apply it.   Here are some of the definitions recognized by the medical profession: " Negligent acts on the part of a physician or surgeon in treating a patient, by means of which such patient suffers death or (unnecessary) injury " (Witthaus & Becker Med. Juris. [1894] 73, 76); " mistreatment of a disease or injury through ignorance, carelessness or criminal intent " (Stedman's Med. Dict. [8th ed. 1924] 589); " improper treatment through carelessness, or ignorance, or intentionally " (Gould's Med. Dict. [2d ed. 1928] 757).   Though these are medical works it is noticeable that the two later definitions do not confine the acts to physicians and surgeons.   In *Monohan* v. *Devinny* (*supra*) the learned justice (Staley, J.) stated that " in relation to the medical profession, it has been applied, not only to duly licensed physicians and surgeons, but to irregular practitioners as well, and also to nurses, midwives and apothecaries." He then proceeded to extend it, under the very statute we are now considering, to chiropractors in an action for injuries " unskillfully, negligently and willfully " caused.   Examining the (unverified) complaint in suit we find it first charges the codefendant Cavanagh or Curley, who conducted an employment bureau, with breach of warranty, and another codefendant, a physician named Ginsburgh, also with breach of warranty, each because of an alleged representation that the defendant Malcomson was an " able, competent and skillful " nurse; that the plaintiff employed defendant Malcomson on the strength of such representations; that such representations were, and were known to be, false and untrue, because defendant Malcomson was not a competent, able or skillful nurse, but had been and was suffering and disabled by shell shock; finally, that defendant Malcomson " treated the plaintiff in so careless, reckless,

incom.)etent, negligent and unskillful a manner as to cause the plaintiff the injuries " complained of. There is not even a denial of contributory negligence. The gravamen of the complaint, so far as defendant Malcomson is concerned, is clearly not negligence, that is to say, absence of due care, but malpractice, that is to say, bad practice or mistreatment by a nurse through lack of the skill such a nurse ought to possess, or possession of such skill but failure to apply it. The plaintiff in opposing this application has made much of an assumption that the shorter statute was adopted as an indulgence to a favored class, i. e., physicians, which ought not to be enlarged. A similar claim was evidently presented in *Monohan v. Devinny* and answered by the learned court when he said that the law was passed because of the difficulty as time goes on of tracing the results of such treatment, added to the uncertainty attending that treatment in the beginning. It appears to me that the expression " malpractice " was intended by the Legislature to apply, and does apply, to a registered nurse such as defendant Malcomson, as charged in this action. The other question raised by the motion is whether the statute was tolled by the conduct of this defendant during those first two years. The affidavit of the plaintiff's counsel as to alleged attempts at service made in that period by others is of course insufficient. Upon the motion day he produced affidavits by the plaintiff and her mother, which also are insufficient, for they do not show any of the facts required by section 19 of the Civil Practice Act to suspend the operation of the Statute of Limitations. Plaintiff's failure, in spite of these alleged fruitless attempts at personal service, to apply for substituted service, throws doubt upon the good faith of these affidavits. The defendant Malcomson in reply affirms under oath that " at all times since 1920 the defendant Malcomson has been a resident of the State of New York and of no other place and has continually resided and been physically present within the said state since that date up to and including the present time." Motion granted, with ten dollars costs. Settle order.