IDA ISENSTEIN, Appellant, *v.* ANNIE D. MALCOMSON, Respondent, Impleaded with HELEN C. CAVANAUGH and Others, Defendants.*

First Department, November 1, 1929.

*Milton C. Weisman* [*Joseph R. Margulies* with him on the brief], for the appellant.

*John T. Cahill* of counsel [*Cotton & Franklin*, attorneys], for the respondent.

* Revg. 133 Misc. 691.

McAvoy, J. The judgment now here was entered on an order dismissing the complaint on the ground that the action was not commenced within the time limited under the statute (Civ. Prac. Act, § 50). The action is for personal injuries sustained as the result of negligence and carelessness on the part of a nurse who was in attendance upon the plaintiff. The motion was based on the theory that the complaint alleged a cause of action for malpractice and came within the two-year limitation instead of an action for negligence which may be brought within the three-year period. (See Civ. Prac. Act, § 49.)

The suit is for mere physical injuries which came about as the result of neglect of the nurse who, while plaintiff was under the care of a physician, placed " a hot water container against the limbs of the plaintiff " at a time when she was unconscious, and allowed the container to remain on the limbs, with the hot water therein, for such a length of time that plaintiff's flesh was burned from her limbs to the bones.

It is alleged that the nurse was further negligent in that she had been theretofore subjected to some ailment or impairment known as " shell shock," which rendered her nervous and forgetful, and because of this she could not properly care for the patient as a nurse.

There are joined as defendants one Helen C. Curley, proprietress of a registry for nurses, and Charles Ginsburgh, a physician. However, this appeal relates only to the defendant Malcomson, the nurse, and only the causes of action pertaining to her are material. The liability of the doctor and the proprietress of the nurse registry are based on misrepresentations and breach of warranty of fitness and ability of the nurse.

There were two questions raised: (1) Whether or not the carelessness and negligence of a nurse in her professional employment may be considered as malpractice. (2) Even if such employment resulting in injury through neglect or carelessness be considered malpractice, whether or not the two-year statute was not suspended by reason of the absence of the party defendant from the State for more than a year during the two-year period. (See Civ. Prac. Act, § 19.)

This latter matter was presented by affidavits of three persons, which set out some proof of the respondent's absence from the State continuously for one year or more during the time limit. She denied that she was absent and alleged that at the time mentioned she was at all times available for service, and that her whereabouts were readily ascertainable.

This was an issue of fact of itself which should not have been tossed off on a motion, and should have been left for the trial.

In any event, with respect to the main question, we conclude

that malpractice is to be considered in its primary meaning, and as generally understood by the ordinarily intelligent and reasonably informed person, and, in this respect, according to such common usage and acceptance, it has continuously been intended to import an improper treatment or culpable neglect of a patient by a physician or surgeon. As an added significance it has been used to indicate a corrupt or culpably incompetent practitioner of either law or medicine, but in no instance is it found to have possible application to a nurse, nor is there anything in the text of this complaint which indicates that the gravamen of the action is other than the negligent conduct and reckless, careless and incompetent performance of common duties of a person engaged in an employment for such specified duties as distinguished from lack of or improper performance of work requiring purely professional skill.

The judgment and order should be reversed, with costs, and the motion for judgment on the theory that the action was not brought within the statute denied, with ten dollars costs, with leave to the defendant, respondent, to answer within twenty days from service of the order to be entered herein upon payment of said costs.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs, with leave to defendant Annie D. Malcomson to answer within twenty days from service of order upon payment of said costs.