ETHEL RUDMAN and LOUIS RUDMAN, Plaintiffs, *v.* LOUIS P. BANCHERI, Defendant.*

Supreme Court, Special Term, Queens County, September 6, 1940.

*Edward P. Rosenberg,* for the plaintiffs.

*Frank A. Bellucci,* for the defendant.

KADIEN, J. Motion pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice to dismiss the complaint upon the ground that the causes of action therein alleged are barred by the Statute of Limitations. Plaintiffs are husband and wife. The first cause of action is on behalf of the wife to recover damages for personal injuries; the second by the husband to recover damages for loss of services, etc.

The complaint alleges that the defendant was a pharmacist duly licensed under the laws of the State of New York; that on August 9, 1937, the plaintiff Ethel Rudman requested the defendant at his pharmacy to put up and sell to plaintiff a salve to reduce a swelling appearing on her hand; that the defendant negligently, recklessly and carelessly informed her that surgical treatment would be proper and that he was equipped to so treat her; that relying upon this assurance she submitted to surgical treatment by the defendant, who negligently, recklessly, carelessly and without proper training therefor, equipment or qualification, applied an instrument at the location of the swelling, causing an incision to be made and exposing subcutaneous tissue, which resulted in certain injuries.

Defendant contends that the gravamen of the action is malpractice and that the two-year Statute of Limitations provided by subdivision 1 of section 50 of the Civil Practice Act governs, and inasmuch as the summons and complaint were served on July 29, 1940, or almost three years after the occurrence complained of, the action is barred.

---

Plaintiffs on the other hand contend that negligence is the gravamen of the action and that the three-year Statute of Limitations provided in subdivision 6 of section 49 of the Civil Practice Act governs, and since the action was commenced within the said period, the motion should be denied. They maintain that inasmuch as the defendant was not a physician and surgeon, he could not be charged with malpractice; that he must be treated as an ordinary person who negligently, recklessly and carelessly inflicts a wound upon another, and not as a person who incompetently inflicts such a wound.

This very question has been the subject of a comprehensive opinion by Mr. Justice STALEY in *Monahan* v. *Devinny* (131 Misc. 248; modfd. and affd., 223 App. Div. 547) and an opinion by the Appellate Division, First Department, in *Isenstein* v. *Malcomson* (227 App. Div. 66, revg. 133 Misc. 691), wherein the lower court largely relied upon *Monahan* v. *Devinny* (*supra*). In the last-mentioned case it was held that the term " malpractice " applies not only to licensed physicians and surgeons, but to irregular practitioners as well as nurses, midwives and apothecaries. Mr. Justice McAvoy, writing for the unanimous court in the *Isenstein* v. *Malcomson* case (*supra*), expressed the contrary view. He said " that malpractice is to be considered in its primary meaning, and as generally understood by the ordinarily intelligent and reasonably informed person, and, in this respect, according to such common usage and acceptance, *it has continuously been intended to import an improper treatment or culpable neglect of a patient by a physician or surgeon.* As an added significance it has been used to indicate a corrupt or culpably incompetent practitioner of *either law or medicine, but in no instance is it found to have possible application to a nurse.*" (Italics supplied.)

No authority, either in the Appellate Division, this department, or in the Court of Appeals, has been submitted to or found by the court in its research.

Since there is no decisive authority either way binding upon this court, and the views expressed by Mr. Justice McAvoy in the *Isenstein* v. *Malcomson* case (*supra*) are more in accord with the personal views of this court than are those in the *Monahan* v. *Devinny* case (*supra*), the motion is denied with leave to the defendant to serve his answer within ten days of the service of a copy of the order to be entered hereon, with notice of entry.