Matthias, J.
It is appellant’s position that the petition, which charges licensed nurses with neglect in the professional care of a patient, states a cause of action in malpractice, which has a one-year statute of limitations. Since this statute of limitations, if applicable, would bar an action against the nurses, appellant claims that it is also effective to bar an action, under the theory of respondeat superior, against their hospital employer.
Thus, the issue is whether an action against nurses and their hospital employer for the alleged negligence of the nurses in caring for a hospital patient must be brought within one year under the statute of limitations for malpractice, Section 2305.11, Revised Code, or within two years under the statute of limitations for bodily injury, Section 2305.10, Revised Code. The ultimate question, then, is whether lack of due care by a nurse falls within that limited area of negligence known as malpractice.
Malpractice in relation to the care of the human body has *372 been defined as the failure of a member of the medical profession, employed to treat a case professionally, to fulfill the duty, which the law implies from the employment, to exercise that degree of skill, care and diligence exercised by members of the same profession, practicing in the same or a similar locality, in the light of the present state of medical science. Bowers v. Santee, 99 Ohio St., 361, 365; Gillette v. Tucker, 67 Ohio St., 106, paragraph one of the syllabus.
It is the misfortune of both physicians and lawyers that, in a very considerable proportion of their cases, they are unable to accomplish the purpose desired. The general public often fails to realize that circumstances over which these persons have no control may make it impossible for them to accomplish what they set out to do. Since physicians must often fail to fulfill expectations, they, along with lawyers, are peculiarly susceptible to the charge of failure in the performance of their professional duties.
With the passage of time, it becomes more and more difficult for a physician to establish that he exercised due care in performing his services. If sufficient time elapses, it may be impossible to determine whether the present physical condition of a person is the result of a lack of care and skill in prior treatment or the result of factors unrelated to treatment.
Because of the possibility of unwarranted and fraudulent claims which would be difficult to disprove, the General Assembly in 1894 amended the one-year statute of limitations, Section 4983, Revised Statutes (Section 2305.11, Revised Code), to include actions for malpractice. 91 Ohio Laws, 299.
At the time this statute was enacted, the common meaning and legal definition of the term, “malpractice,” was limited to the professional misconduct of members of the medical profession and attorneys. See Long v. Bowersox, 8 N. P. (N. S.), 249, 254. Thus, when this amendment was enacted, it was not meant to apply to nurses.
Today, the term, malpractice, is sometimes used loosely to refer to the negligence of a member of any professional group. However, legally and technically, it is still subject to the limited common-law definition. It is well established that where a statute uses a word which has a definite meaning at common law, *373 it will be presumed to be used in that sense and not in the loose popular sense. Grogan v. Garrison, 27 Ohio St., 50, 63.
If the General Assembly had wished to protect groups other than those traditionally associated with malpractice, it should have listed the ones to be covered. Of the 17 states which have a special statute of limitations for malpractice actions, all but five have listed the ones to be covered. See Lillitch, The Malpractice Statute of Limitations in New York and Other Jurisdictions, 47 Cornell Law Quarterly, 339, 367.
There is no compelling reason for a nurse to be given the protection of a one-year statute of limitations. A nurse, although obviously skilled and well trained, is not in the same category as a physician who is required to exercise his independent judgment on matters which may mean the difference between life and death. A nurse is not authorized to practice medicine. Section 4723.33, Revised Code. Her primary function is to observe and record the symptoms and reactions of patients. A nurse is not permitted to exercise judgment in diagnosing or treating any symptoms which the patient develops. Her duty is to report them to the physician. Any treatment or medication must be prescribed by a licensed physician. Section 4723.06, Revised Code. It is in the areas of diagnosis and prescription that there is the greatest danger of unwarranted claims. A nurse by the very nature of her occupation is prohibited from exercising an independent judgment in these areas and thus is not subject to such claims.
We conclude, therefore, that lack of due care by a nurse in caring for a hospital patient constitutes ordinary negligence and is not malpractice within the meaning of Section 2305.11, Revised Code. See Wolff v. Jamaica Hospital, 11 App. Div. (2d), 801, 205 N. Y. Supp. (2d), 152; Isenstein v. Malcomson, 227 App. Div., 66, 236 N. Y. Supp., 641. Where, as in the instant case, the negligence of the nurse results in bodily injury, the proper period of limitation is two years as provided by Section 2305.10, Revised Code.
The hospital, being liable in the present case on the basis of respondeat superior (Avellone v. St. John’s Hospital, 165 Ohio St., 467), can be in no better position than that of the agent through whom it acts. Thus, since we have determined that the *374 two-year statute of limitations for bodily-injury actions is applicable to actions for injuries arising from the negligent act of the nurse, such statute of limitations is also applicable to the employer hospital.

Judgment affirmed.

Taft, C. J., Zimmerman, O’Neill, Griffith, Herbert and Gibson, JJ., concur.