Clare J. Hoyt, J.
Defendant Yonkers General Hospital moves to dismiss plaintiff’s complaint as against it upon the ground that the action is barred by the Statute of Limitations.
The action was commenced against the hospital on June 27, 1962 by service of an amended complaint which alleges that plaintiff’s testatrix underwent a surgical operation at said hospital on March 2, 1960 and that “ said defendant Hospital’s agents, servants or employees negligently and incompetently assisted at said operation so that at the conclusion thereof said defendant Hospital’s agents, servants or employees, or one or *259 more of them, acting within the scope of their employment, left a gauze pad in the body of plaintiff’s testatrix, which induced general and local peritonitis which was a contributing cause of her death on June 8,1961.” The original action for malpractice was brought against the codefendant surgeon. Letters testamentary were issued to plaintiff on October 23,1961, the deceased patient having died on June 8,1961.
The hospital contends that the action pleaded is one to recover damages for malpractice and is barred by subdivision 1 of section 50 and section 20 of the former Civil Practice Act. Subdivision 1 of section 50 required an action to recover damages for malpractice to be commenced within two years after the cause of action had accrued. Here the cause of action accrued at the time the operation was performed (Conklin v. Draper, 229 App. Div. 227, affd. 254 N. Y. 620). Thus, had it not been for the subsequent death of plaintiff’s testatrix and the effect of section 20 of the former Civil Practice Act, the action, if one for malpractice, would have been barred on March 2, 1962. However, the death of plaintiff’s testatrix on June 8, 1961 extended the time for the action to be commenced to June 8, 1962 by reason of the provisions of section 20 of the former Civil Practice Act which provided: “ If a person entitled to maintain an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representative after the expiration of that time and within one year after his death.”
Thus, the hospital’s position is that even though plaintiff might have commenced her action prior to June 8, 1962, the action was not commenced until June 27, 1962 and is barred by the Statute of Limitations.
Plaintiff contends that the action is not one to recover damages for malpractice but, rather, for negligence and is thus governed by a three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 6). Plaintiff relies on Isenstein v. Malcomson (227 App. Div. 66) and Wolff v. Jamaica Hosp. (11 A D 2d 801) to sustain her contention. The Isenstein case held that malpractice could have no possible application to a nurse. “ [W]e conclude that malpractice is to be considered * * * an
improper treatment or culpable neglect of a patient by a physician or surgeon” (pp. 67-68).
The Wolff case (supra) further indicates that a cause of action in malplactice is precluded when the negligent act is attributed to a nurse or other employee and not to a physician or surgeon. “No negligent acts are alleged against any physician or surgeon *260 but only against nurses and other employees of defendant ” (p. 802).
Defendant argues that the nature of the allegedly negligent act committed determines whether the gravamen of the cause of action is negligence or malpractice, and that the duties here performed by the defendant hospital’s nurse or nurses in the operating room were of a professional nature and not negligent conduct and incompetent performance of ‘ ‘ common duties * * * as distinguished from lack of or improper performance of work requiring purely professional skill ” as described in the Isenstein case (supra, p. 68).
In view of the holdings in these cases that malpractice is limited to allegations of negligence against physicians and surgeons, the court cannot determine that the duties of the nurses to the decedent during this operation were of such a nature as to give rise to a cause of action in malpractice instead of negligence for breach of those duties. To hold otherwise would require in each instance, where a nurse was charged with a breach of duty, a determination as to whether the nurse was performing perfunctory or unskilled duties or duties calling for special training and talents. This is a line that cannot be drawn with any certainty and should not be the basis for determining whether the claim is negligence or malpractice.
The motion is thus denied.