OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified insofar as it relates to the defendant Massapequa Hospital and the case remitted to that court for consideration of issues
 
 *967
 
 not reached with respect to that defendant. There was sufficient evidence to support the jury’s verdict against the defendant Massapequa Hospital.
 

 Concededly the doctors directed the hospital to perform a cystourethrographic test and the hospital neglected to do so. The hospital’s responsibility did not involve medical judgment; it was simply required to carry out the physicians’ order. Failure to do so can, of course, be found to be malpractice
 
 (Toth v Community Hosp. at Glen Cove,
 
 22 NY2d 255).
 

 The fact that the doctors subsequently decided to discharge the child several days after the test had been ordered, knowing that it had not been performed, does not necessarily indicate a retroactive
 
 "sub silentio
 
 revoking of the order for the test” as the Appellate Division found. On the contrary there was evidence that this decision was not based on a conclusion that the test had proven to be unnecessary but rather that it might be dangerous to make the test at this late stage because the catheters needed to perform the test had been removed and if replaced might lead to reinfection. Indeed, one of the attending physicians testified to this effect.
 

 Finally the jury could have found that the failure of the hospital to perform the test when directed contributed to the injury although the delay involved a relatively brief period of time. Specifically the hospital records indicate a substantial loss of kidney function between the time the child was treated at Massapequa Hospital (where a loss of 50 to 60% was reported) and the time he was admitted at New York Hospital (where a loss of more than 80% was reported). There was also evidence that the test would reveal the condition, as it did at New York Hospital, and that the condition was not surgically correctable if the patient possessed less than 25% of kidney function. Thus there was evidence to support a finding that the delay in performing the test, occasioned by the negligence of the Massapequa Hospital, not only contributed to the loss of kidney function but also deprived the child of an opportunity to have the condition surgically corrected.
 

 Whether or not it was error for the trial court to reduce the infant plaintiff’s recovery by $40,000 to reflect the settlement made during the trial between the infant plaintiff and the defendant Qualliotine should, if the issue is reached, be decided by the Appellate Division.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones,
 
 *968
 
 Wachtler and. Meyer concur; Judge Fuchsberg taking no part.
 

 Order modified, with costs to plaintiffs only against defendant Massapequa Hospital only, and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.