## (NOVEMBER 18, 1980)

■ In the Matter of RIVKA KARP et al., Petitioners, v JAY L. TUROFF, as Chairman of the New York City Taxi & Limousine Commission, Respondent. — Determination of respondent dated August 15, 1979, unanimously annulled, on consent, without costs and without disbursements, and the petition granted to the extent of remanding the matter to respondent for the prompt processing of refunds of the fines paid. No opinion. Concur — Murphy, P. J., Sullivan, Lupiano, Silverman and Yesawich, JJ.

■ PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, v HARTFORD INSURANCE COMPANY, Respondent, et al., Defendant. — Order, Supreme Court, New York County, entered on January 22, 1980, unanimously affirmed. (See *Rios v Donovan*, 21 AD2d 409.) Respondent shall recover of appellant $50 costs and disbursements of this appeal. No opinion. Concur — Murphy, P. J., Fein, Ross, Bloom and Carro, JJ.

■ THOMAS COLLINS et al., Respondents-Appellants, v NEW YORK HOSPITAL et al., Defendants, DAVID GERBER et al., Respondents, and MASSAPEQUA HOSPITAL, Appellant-Respondent. — On remittitur from the Court of Appeals "for further proceedings in accordance with [that court's] memorandum" (49 NY2d 965, 966), which directed "consideration of issues not reached with respect to" the sole remaining defendant, Massapequa Hospital, judgment after jury trial, Supreme Court, Kings County, entered October 27, 1977, reversed, on the facts as against the weight of the credible evidence, and the case remitted to that court for a new trial, without costs. We are told by the Court of Appeals (p 967) that the evidence "was sufficient * * * to support the jury's verdict against the defendant * * * Hospital." However, the weight of the evidence was to the contrary, there having been impressive medical evidence as to the difficulty of performing a certain radiographic test on the infant plaintiff, involving as it did the necessity of his co-operation during the test by voiding on command in order to pass radiopaque fluid; though the child's bladder had been, as X rays revealed, distended, he did not respond. Should it appear that completion of the test was frustrated in the manner described, it might well put a different light upon whether the failure to complete the test before discharge was due to such circumstances or to either disobedience or neglect. This issue was "not reached" (p 967) in arriving at our prior disposition (67 AD2d 872), wherein we rested upon a holding that the treating doctors, having "ordered the patient discharged from the hospital without waiting for the test in a matter of days following their order, thus *sub silentio* [revoked] the order for the test" (p 873). The Court of Appeals said this was not necessarily so (p 967). This question may now be fully explored at the new trial we direct. By reason of our last disposition as well as this one, we did not then, nor do we now consider the issue of whether the infant plaintiff's condition was exacerbated by the delay in testing and treatment, neither of which took place until after discharge and transfer to another hospital. That may also be explored at the new trial. And, finally, the issue of whether it was error to reduce plaintiff's recovery to reflect a settlement reached with a defendant doctor during the trial, referred to us by the Court of Appeals for decision "if the issue is reached", should await further developments. Concur — Sullivan, Markewich and Lupiano, JJ.

Murphy, P. J., dissents in a memorandum as follows: At this posture in the case, I would affirm plaintiffs' judgment against defendant Massapequa Hospital. There is more than sufficient evidence in the record to sustain the verdict in that regard.