OPINION OF THE COURT
Theodore Diamond, J.
Defendants cross-move to strike the complaint for failure to comply with disclosure requests. The motion is granted, unless plaintiff complies with the demand for authorization, requests by letter and notice of discovery and inspection — or explains in writing why she cannot — by September 30, 1982. The real issue follows.
Defendants’ second affirmative defense is that the case was not commenced within 30 months, as required by CPLR 214-a. Plaintiff moves to strike this defense, because she is not claiming “malpractice” by the hospital, but merely “negligence” in repair of the bathroom alarm bell. That excuse is not accurate, for she complains about much more, i.e., actions by “nurses”, or hospital employees whom she believes to be nurses.
With regard to the alarm bell in the bathroom, perhaps plaintiff can sustain her burden of proof that: the bell didn’t function at the time in question, there was adequate notice to defendants, foreseeability and proximate cause; but even then, the action or inaction by the nursing staff in that situation would be an issue in the case.
*47 Defendants argue that the allegations with respect to the nurses are malpractice, while plaintiff’s papers do not discuss this part of the issue.
The inartistic complaint and handwritten, barely readable, bill of particulars, allege that with plaintiff in the bathroom and an inoperative buzzer: the nurses didn’t come to her help despite her pushing the buzzer and calling for assistance; that (not receiving assistance) plaintiff left the bathroom and fell; and two nurses “dragged her” to her room. The court points out, that while plaintiff identifies these people as “nurses”, it is possible that they were not RNs.
Is this medical malpractice? Does it (1) state a cause of action for malpractice against the hospital and/or the nurses (designated but unnamed defendants) sufficient to withstand a motion to dismiss, or does it (2) identify a situation which should be referred to a medical malpractice panel under section 148-a of the Judiciary Law, or (3) does it describe action which is covered by a short Statute of Limitations pursuant to CPLR 214-a, or (4) is it within CPLR 3017 (subd [c]), etc.?
The legislative history and cases cited under CPLR 214-a are not helpful. The Practice Commentaries by Professor McLaughlin (McKinney’s Cons Laws of NY, Book 7B, 1981-1982 Pocket Part, CPLR 214-a) includes: “CPLR 214-a represents that compromise, and virtually every sentence contained therein is troublesome.” (1975, p 148.) “The courts continue to have difficulty with the medical malpractice statute oflimitations”. (1979,p 151.) “One question that is garnering more and more attention is whether medical professionals other than doctors * * * may claim the benefit of the shorter period of limitations.” (1981, p 149.)
Defendants cite cases under section 148-a of the Judiciary Law, but these are not determinative for CPLR 214-a purposes; perhaps not even persuasive. We must not rely too heavily on other malpractice provisions, lest we conclude that nurses can be guilty of malpractice, but dentists and podiatrists cannot. Another useless venture would attempt to find help in definitions of “medicine” for purposes of licensure (Education Law, § 6521), or of “ ‘[h]ospi *48 tais’ ” (Public Health Law, § 2801), or “ ‘[cjlinical laboratory’ ” (Public Health Law, § 571), as in Calvin v Schlossman (74 AD2d 265).
At present, some circumstances are medical malpractice for one purpose and not for others. Rather than assume we can synthesize the case law, the Legislature might well tell us what it wants. As Professor McLaughlin commented (1981 Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, 1981-1982 Pocket Part, CPLR 214-a) “Perhaps the Legislature ought to reconsider its decision to distinguish, for statute of limitations purposes, between negligence by a doctor, on the one hand, and negligence by the rest of the world, on the other.”
I rule that the allegations against the hospital and nurses in the instant complaint and bill of particulars, whether negligent, reckless, or thoughtless, are not medical malpractice for CPLR 214-a purposes.