opinion of the court
Anthony J. Mercorella, J.
Motion by the plaintiff to strike the defendant Walkes’ fourth affirmative defense is decided as follows:
Plaintiff commenced this action on May 12, 1982 for damages incurred as the result of alleged malpractice on the part of defendant Walkes in the course of podiatric treatment rendered on her behalf.
The plaintiff alleges that defendant Walkes rendered said podiatric care commencing on April 5, 1979 and that she was continuously treated by the defendant until September 11, 1979.
Defendant in his answer asserts as a fourth affirmative defense that the plaintiff’s action was barred by the Statute of Limitations, as the defendant contends that podiatrists were included in the abbreviated period set forth for the commencement of a malpractice action under CPLR 214-a. Thus the defendant contends that the plaintiff’s action is barred as more than two years and six months have passed from the time the defendant last rendered treatment on behalf of the plaintiff in September of 1979 and when the action was commenced in May of 1982.
*278 Plaintiff in moving to strike the defendant’s fourth affirmative defense contends that the Statute of Limitations for the commencement of a malpractice action against a podiatrist is three years as set forth at CPLR 214 (subd 6) and that by reason of the same, this action was timely commenced.
It has been held as a matter of law that the abbreviated Statute of Limitations as set forth at CPLR 214-a is applicable to those acts of malpractice committed by physicians and not other professions associated with medicine (Schwartz v Unger, 108 Misc 2d 456; see, also, 1979 Opns Atty Gen 49). Moreover a malpractice action against a podiatrist is distinguishable from a malpractice action brought against a physician, as is evidenced by the fact that the Legislature saw a need to amend section 148-a of the Judiciary Law (L 1974, ch 995) and require a separate type of malpractice panel for malpractice actions brought against podiatrists (Judiciary Law, § 148-a, subd 1-a).
In view of the foregoing the court finds that the Statute of Limitations for the commencement of a malpractice action against a podiatrist falls within the purview of CPLR 214 (subd 6) and by reason of the alleged continuous treatment of the plaintiff which terminated in September of 1979, the action was timely commenced by the plaintiff under CPLR 214 (subd 6) in May of 1982.
Accordingly the plaintiff’s motion to strike the defendant’s fourth affirmative defense is granted and same is therefore stricken from the defendant’s answer.