Susan Richardson, Respondent, v Norman Orentreich
et al., Doing Business as Orentreich Medical Group,
et al., Defendants, and Michael J. Kalman, Defen-
dant-Appellant.

First Department, November 10, 1983

#### APPEARANCES OF COUNSEL

*Sean F. X. Dugan* of counsel (*Spencer L. Studwell* with him on the brief; *Martin, Clearwater & Bell,* attorneys), for defendant-appellant.

*Alfred S. Julien* of counsel (*David B. Turret* with him on the brief; *Julien, Schlesinger & Finz, P. C.,* attorneys), for respondent.

#### OPINION OF THE COURT

Silverman, J.

This is an appeal by defendant Kalman from an order of the Supreme Court, Special Term, denying said defendant's motion for summary judgment dismissing the complaint on the ground of the Statute of Limitations.

Plaintiff in this medical malpractice action was treated by defendant-appellant physician. The treatments apparently included the injection of silicone into plaintiff's face. According to defendant, plaintiff first visited the office on January 15, 1973 and defendant "rendered periodic treatments to her through October 8, 1974." On October 8, 1974 she was given an appointment to return on December 4, 1974. Plaintiff failed to keep that appointment; she says she was sick and canceled the appointment. Defendant did not render any further medical care or treatment to plaintiff.

This action was begun on November 30, 1977. It is governed by the law as it stood before the enactment of CPLR 214-a, so that if the Statute of Limitations began to run on October 8, 1974, the action is untimely; if, however, the statute did not begin to run until some date after November 30, 1974, then the action is timely. The malpractice, if any, of course occurred on or before October 8, 1974. Whether the Statute of Limitations has run depends on the application of the continuous course of treatment exception enunciated in *Borgia v City of New York* (12 NY2d 151, 155-157) in which the Court of Appeals said:

"We hold that at least when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint, the 'accrual' comes only at the end of the treatment * * *

"Little argument is needed to prove the proposition that the 'continuous treatment' theory is the fairer one. It would be absurd to require a wronged patient to interrupt corrective efforts by serving a summons on the physician or hospital superintendent or by filing a notice of claim in the case of a city hospital * * *

"The 'continuous treatment' we mean is treatment for the same or related illnesses or injuries, continuing after the alleged acts of malpractice, not mere continuity of a general physician-patient relationship."

Further, at least until the enactment of CPLR 214-a, it is not the last act of treatment or omission which governs. As the majority said in *Fonda v Paulsen* (46 AD2d 540, 544): "[I]f at the time when the Statute of Limitations would

have expired had it run from the last act of malpractice, a patient is still in a relationship of care or treatment with the defendant physician for the same or related illnesses or injuries, the statute shall not be deemed to have commenced running so long as such treatment continues."

In the present case, according to plaintiff she was still under defendant-appellant's care for the same condition, under continuous course of treatment. On October 8 she was told to return December 4 for another treatment. Thus, she was "still in a relationship of care or treatment with the defendant physician for the same or related illnesses" (*Fonda v Paulsen, supra,* p 544). "It would be absurd to require * * * [her] to interrupt corrective efforts by serving a summons" on her physician while she was still in such a relationship. (See *Borgia v City of New York, supra,* p 156.)

Whether the medical services here rendered constitute a continuous course of treatment, or "in legal contemplation were discrete and complete" (*Davis v City of New York,* 38 NY2d 257, 260), and whether, indeed, plaintiff had already decided to terminate her relationship with defendant-appellant before December 4, 1974, present questions of fact requiring the denial of defendant's motion for summary judgment.

Order, Supreme Court, New York County (ALBERT P. WILLIAMS, J.), entered July 8, 1982 denying defendant Kalman's motion for summary judgment dismissing the complaint, is unanimously affirmed, without costs.

SULLIVAN, J. P., BLOOM and ALEXANDER, JJ., concur.

Order, Supreme Court, New York County, entered on July 8, 1982, unanimously affirmed, without costs and without disbursements.