OPINION OF THE COURT
 

 Per Curiam.
 

 Where a psychiatric hospital patient with a history of instability communicated her specific suicide plan involving an off-premises location to a hospital staff member, failure to transmit such information to the staff psychiatrist (who controlled the patient’s privileges to leave hospital premises) constituted a breach of duty and rendered the
 
 *137
 
 hospital liable for negligence. CPLR 4010, which limits the application of the collateral source rule in medical malpractice actions, has no application to the hospital’s liability for negligence.
 

 At issue on this appeal is the liability of appellant, the State of New York, for injuries sustained by respondent, Helen C. Huntley, a patient at the State’s Hutchings Psychiatric Center, when she left the hospital premises, unsupervised, and jumped from the roof of a nearby parking garage. The Court of Claims determination in respondent’s favor, finding the evidence sufficient to establish appellant’s negligence, was unanimously affirmed by the Appellate Division.
 

 Given the correct application of legal standards and affirmed findings of fact, our scope of review is limited. Where such findings are supported by evidence in the record, they are conclusive in this court.
 
 (Humphrey v State of New York,
 
 60 NY2d 742.) Here, there was ample evidence to support the finding that appellant on the day of the accident failed in its duty to supervise its patient adequately, leading to her injury (see
 
 Martindale v State of New York,
 
 269 NY 554;
 
 Horton v Niagara Falls Mem. Med. Center,
 
 51 AD2d 152 [Simons, J.]). Apart from respondent’s history of mental instability and her depression, deterioration and unusual behavior shortly before the accident, there was evidence that, one day prior to her jump from the garage roof, respondent had communicated this specific suicide plan to a hospital staff member, and that this information was not transmitted to the staff psychiatrist so that he could consider what impact — if any — it should have on respondent’s privileges to leave hospital premises unsupervised. While a medical judgment might have been reached to continue respondent’s privileges, and an error in such judgment would not have given rise to liability for malpractice
 
 (Fiederlein v New York City Health & Hosps. Corp.,
 
 56 NY2d 573;
 
 Topel v Long Is. Jewish Med. Center,
 
 55 NY2d 682), here, any opportunity to form a medical judgment was foreclosed by a failure to transmit the information, and no measures were taken to secure respondent’s physical safety.
 

 
 *138
 
 Nor did the Appellate Division err in refusing to reduce the judgment, in accordance with CPLR 4010, by amounts respondent received from collateral sources. CPLR 4010 is limited to actions for medical malpractice, and is thus inapplicable to reduce this common-law negligence award.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur in
 
 Per Curiam
 
 opinion.
 

 Order affirmed, with costs.