JAMES H. BLEILER, SR., et al., Appellants, v ROMAN BODNAR et al., Respondents.

Third Department, June 21, 1984

APPEARANCES OF COUNSEL

*Moran & Krenzer* (*Cyril Krenzer* and *James J. Moran* of counsel), for appellants.

*Levene, Gouldin & Thompson* (*John J. Pollock* of counsel), for respondents.

OPINION OF THE COURT

HARVEY, J.

Plaintiff James H. Bleiler, Sr., was injured on October 8, 1980 when he was struck in his right eye by a small piece of metal. On October 9, 1980, he went to the emergency room of Tioga General Hospital for care and treatment. At the emergency room, he was interviewed by a nurse, who is unidentified, and was examined and treated by defendant Roman Bodnar, an emergency room physician. Apparently, Dr. Bodnar failed to detect that metal had imbedded itself into the eye. He provided plaintiff with an eye patch, prescribed use of an ointment and advised plaintiff to make

an appointment with the Guthrie Eye Clinic in the Robert Packer Hospital if his eye did not improve in three days. Instead, plaintiff went to the clinic on the same day and underwent an operation at the Robert Packer Hospital the following day for removal of the piece of metal. His treatment at the hospital continued until October 20, 1980. Plaintiff ultimately lost his eye.

Plaintiff commenced this action alleging a cause of action against Dr. Bodnar for medical malpractice; a cause of action against the nurse for the negligent taking or recording of plaintiff's medical history; a cause of action against the Tioga General Hospital for vicarious liability because of the alleged negligence of the doctor and the nurse; and a direct cause of action against the hospital in negligence for failing to provide competent nurses and emergency room physicians and in failing to promulgate proper rules, regulations and procedures.

The action was effectively commenced on April 11, 1983 by service of a copy of the summons and complaint upon the Sheriff of Tioga County pursuant to CPLR 203 (subd [b], par 5). Service was completed by personal service upon all defendants within the 60-day period prescribed by statute. It should be noted that the action was commenced more than 2½ years (CPLR 214-a), but less than 3 years (CPLR 214), after the cause of action accrued. Special Term applied CPLR 214-a to all actions and granted defendants' motion to dismiss the complaint as untimely in its entirety.

Plaintiff contends that in applying the limitation contained in CPLR 214-a, the commencement of the action was timely because of the continuous treatment doctrine. He contends that the course of treatment prescribed by defendant doctor included the instruction to seek further treatment at the clinic, and that he was not discharged from the clinic until October 20, 1980, less than 2½ years before the action was commenced.

We must reject plaintiff's contention because the elements establishing the applicability of the continuous treatment doctrine do not exist under the circumstances of this case. Defendant doctor was an emergency room physician whose relationship to plaintiff was dictated by the nature of his duties. He was expected to provide emergency

treatment only, and that is all that he undertook to do. His instruction to plaintiff to seek specialized treatment in the event his condition did not improve within three days indicated that he had no continuing relationship with the patient. The case of *Richardson v Orentreich* (97 AD2d 9), relied upon by plaintiff, is inapposite. The scheduling of an appointment for a future date in that case indicated the doctor's intention that his care for the patient was continuing. In the instant case, plaintiff completely terminated his relationship with defendant doctor when he thereafter sought care and treatment by other doctors on the same day. There was no proof submitted to Special Term that indicated that the clinic relied in any respect upon the prior observations of defendant doctor. The services rendered by the Guthrie Eye Clinic and the Robert Packer Hospital were "discrete and complete" (*Davis v City of New York,* 38 NY2d 257, 260).

We therefore affirm that portion of Special Term's order which dismissed the cause of action against Dr. Bodnar and the cause of action against the hospital for any vicarious liability because of any medical malpractice on the part of its employee, Dr. Bodnar.

Special Term's decision to dismiss the remaining causes of action creates a more troublesome issue which, so far as we are able to determine, has not been addressed specifically by an appellate court. The issue is whether CPLR 214 or 214-a applies to those allegations of tortious conduct committed by Tioga General Hospital and its nurse. Plaintiff contends that his direct allegations against the nurse and the hospital are not those of medical malpractice and that the three-year limitation set forth in CPLR 214 applies. Defendant hospital asserts that the 2½-year limitation of CPLR 214-a applies, contending that the causes of action are for medical malpractice. CPLR 214-a states: "An action for medical malpractice must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure".

The problem presented results from the Legislature's failure to define what is meant by "medical malpractice".

The question we must now decide is whether the change in the statute was intended to apply to the negligent conduct of health care services by entities such as hospitals and nurses. It appears that the genesis of the revision of CPLR 214 was the medical profession's massive attempt in 1975 to bring about drastic changes in the law as it had applied to medical doctors' liability for their negligence and its resulting effects upon the rates of medical malpractice insurance. It has been suggested that the enactment of CPLR 214-a reflects a compromise to grant the medical profession a part of that which it was demanding. The legislative background would suggest that the Legislature's intent in shortening the period of limitation was to benefit only those engaged in the practice of medicine.

This conclusion has been supported by the reported decisions of trial courts (*VanSlyke v Columbia Mem. Hosp.,* 118 Misc 2d 203; *Wieland v Walkes,* 117 Misc 2d 277; *Nembard v Brookdale Hosp. Med. Center,* 115 Misc 2d 46; *Schwartz v Unger,* 108 Misc 2d 456). Trial courts have held that negligence actions against podiatrists (*Wieland v Walkes, supra*) and dentists (*Schwartz v Unger, supra*) are subject to the three-year statute, although those professions provide health care services. Both a leading commentator (McLaughlin, 1983 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 214-a, p 185, 1983-1984 Pocket Part) and the Attorney-General (1979 Opns Atty Gen 49, 50) support the restrictive application of the statute.

Defendant hospital urges us to look to decisions construing section 148-a of the Judiciary Law (malpractice panels) for guidance in our determination of the meaning of the words "medical malpractice" as contained in CPLR 214-a, citing *Musso v Westfield Mem. Hosp.* (64 AD2d 851, mot for lv to app den 45 NY2d 714, app dsmd 45 NY2d 834) and *Bamert v Central Gen. Hosp.* (77 AD2d 559, affd 53 NY2d 656). The cited cases apply to a statute adopted to serve a different purpose. Section 148-a of the Judiciary Law should be given a liberal construction to carry out the pragmatic purposes of the law without any significant harm to anyone. Conversely, the effect of CPLR 214-a diminishes the rights of the citizenry by reducing the time

in which to commence an action and should be strictly construed.

We conclude that the plain meaning of the words "medical malpractice" and the legislative history of the act dictate that the words do not apply to the malpractice of a hospital or nurse.

The order should be modified, on the law, without costs, by reversing so much thereof as dismissed the direct causes of action against defendants hospital and nurse as well as the cause of action against defendant hospital for vicarious liability because of the negligence of its employee-nurse; defendant's motion should be denied as to said causes of action; and, as so modified, affirmed.

MAHONEY, P. J., KANE, MAIN and LEVINE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as dismissed the direct causes of action against defendants hospital and nurse as well as the cause of action against defendant hospital for vicarious liability because of the negligence of its employee-nurse; motion denied as to said causes of action; and, as so modified, affirmed.