Jay T. Waite, Appellant, v P. J. Abraham, Respondent.

Third Department, November 29, 1984

APPEARANCES OF COUNSEL

*Wiggins, Holmberg, Galbraith & Holmberg* (*Jonathan A. Orkin* of counsel), for appellant.

*Levene, Gouldin & Thompson* (*John J. Pollock* of counsel), for respondent.

**OPINION OF THE COURT**

Harvey, J.

Plaintiff commenced this medical malpractice action against defendant by the service of a summons on June 10, 1982. Defendant moved for accelerated judgment dismissing the complaint because of the 2½ year Statute of Limitations of CPLR 214-a. The alleged malpractice took place in early August, 1979, more than 2½ years prior to the commencement of the action. Applying the continuous treatment doctrine (CPLR 214-a), Special Term determined that the statute began to run on December 7, 1979, the last date that defendant actually examined plaintiff for treatment of the same physical condition. According to Special Term's decision, the action was commenced three days late. The motion to dismiss was therefore granted and this appeal ensued.

Plaintiff contends that defendant's treatment continued until December 26, 1979, the date that he consulted another doctor

and discontinued his treatment by defendant. If so, the action would have been timely commenced. To support his contention, plaintiff has sworn to the fact that on the occasion of his last visit to defendant, he was given a prescription and instructed to take the medicine in accordance with the prescription and to return to defendant's office on January 4, 1980 for further examination. Defendant concedes the truth of plaintiff's affidavit in that respect.

We conclude that plaintiff's affidavit creates a question of fact to be determined at trial. An appointment for a future examination, even though not kept by plaintiff, is evidence that continuous treatment extended beyond the date that defendant saw plaintiff professionally (*Richardson v Orentreich,* 97 AD2d 9). We conclude that the application of the continuous treatment doctrine by the court in *Richardson* is not inconsistent with CPLR 214-a, enacted after the events in *Richardson* but prior to the events in the instant case. Accordingly, defendant's motion for dismissal of the complaint should have been denied.

MAIN, J. P., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Order and judgment reversed, on the law, with costs, and motion denied.