■ FRANCISCO OTERO et al., Respondents, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK et al., Defendants, and LOUIS D. PIZZARELLO, Appellant.—Order, Supreme Court, Bronx County (Callahan, J.), entered November 30, 1984, which denied defendant-appellant Louis Pizzarello's motion for summary judgment and granted plaintiffs-respondents' cross motion to strike defendant-appellant's affirmative defense of Statute of Limitations, is unanimously modified, on the law, the cross motion to dismiss the affirmative defense of Statute of Limitations is denied, without costs, and, as so modified, is otherwise affirmed.

Plaintiff-respondent Francisco Otero entered Columbia Presbyterian Medical Center on April 23, 1979 for the treatment of his left eye. Dr. Louis Pizzarello, a resident physician at the medical center, treated Otero. On April 24, 1979, Dr. Pizzarello performed corneal transplant surgery on Otero's left eye. Otero remained hospitalized until May 10, 1979 when he was discharged.

Otero claims that Dr. Pizzarello continued to treat him until approximately November 18, 1981, while Dr. Pizzarello argues that he last treated Otero on March 7, 1980. On the alleged November date, Dr. Pizzarello did examine Otero at the medical center; however, he was no longer a resident, but a private attending physician. He contends that the rules of the hospital prohibited him from treating Otero and that in accordance therewith, he referred Otero to Dr. Stetz, a resident physician, also named as a defendant in this action. Otero returned to the hospital and had surgery on both December 22, 1981 and December 30, 1981. On the latter date his left eye was removed. Dr. Pizzarello did not participate in either operation.

Otero claims that this action for medical malpractice against the hospital, Dr. Pizzarello and others was commenced on August 23, 1983. Dr. Pizzarello contends that he was served with a summons and complaint on October 6, 1983. Defendant-appellant moved for summary judgment. Plaintiff cross-moved to strike the affirmative defense of Statute of Limitations, claiming that the two-year and six-month Statute of Limitations period for medical malpractice actions had expired. Special Term denied the motion for summary judg-

ment and granted the cross motion. We modify and deny the cross motion.

There is apparent confusion regarding the dates on which various events took place. First, in order to determine whether or not certain events fall within the two-year and six-month statutory time limit, this confusion must be eliminated. Second, resolution of the Statute of Limitations issue is dependent upon a determination of whether the continuous treatment doctrine applies here. *(See, Borgia v City of New York,* 12 NY2d 151.)* Did Dr. Pizzarello merely diagnose or actually treat Otero on the November date in question? *(See, McDermott v Torre,* 56 NY2d 399; *see also, Richardson v Orentreich,* 97 AD2d 9, *affd* 64 NY2d 896.) CPLR 214-a dictates that the continuous treatment doctrine is inapplicable to "examinations undertaken at the request of the patient for the sole purpose of ascertaining the state of the patient's condition." Proper application of this doctrine requires a more complete assessment of the facts. Concur—Kupferman, J. P., Sandler, Carro, Fein and Milonas, JJ.