OPINION OF THE COURT
Nicholas A. Clemente, J.
Plaintiff Richard Borrillo’s bill of particulars asserts that on *1123 March 17, 1980, while he was a patient at defendant Beekman Downtown Hospital, he was attacked and struck by another patient at the hospital who, it is alleged, was known to possess violent and dangerous propensities. Plaintiff proceeds to claim that the hospital and its employees were negligent in permitting a known violent patient to be present around other patients. At a compliance conference, an issue arose as to the necessity of conducting a medical malpractice panel hearing for this action. Formalizing the issue orally raised at the conference, plaintiff now moves for an order dispensing with a medical malpractice panel hearing on the grounds that the within cause of action is for negligence rather than medical malpractice.
In opposing the motion, defendant hospital argues that the crux of plaintiffs claim is that the defendant hospital failed to diagnose the assailant’s violent and dangerous propensities and, further, failed to take appropriate steps to treat the dangerous propensities so as to have avoided the assault upon the plaintiff. All of this necessarily involves a claim of medical malpractice and not simple negligence and, thus, should properly be the subject of a panel hearing. Defendant raises an additional argument against the motion that at a precalendar conference, a medical malpractice preference was obtained by plaintiff further indicating that a panel is warranted.
This latter contention is without merit since it is apparent that the issues now being raised were never previously raised or addressed. The issue that warrants discussion, however, is whether an action brought by a patient of a hospital against the hospital because another patient of the hospital attacked him is to be deemed a medical malpractice action so that it falls within the medical malpractice panel requirement set forth in Judiciary Law § 148-a. Subdivision (1) of that section provides in part: "1. Each appellate division of the supreme court shall establish within its judicial department a medical malpractice panel or panels to facilitate the disposition of medical malpractice actions, including malpractice actions where a hospital is a named defendant, in the supreme court”.
Prior to 1978, the statute did not refer to hospitals so that there was some question of whether malpractice actions against hospitals had to be heard by a panel (1978 McKinney’s Session Laws of NY, at 1684-1685). This question was eliminated in 1978 by the express inclusion of hospitals in the statute requiring panel hearings (Judiciary Law § 148-a, as amended by L 1978, ch 95). Nevertheless, a confusing and *1124 recurring issue has arisen, as to both physicians and hospitals, whether certain types of conduct are to be deemed to involve medical malpractice from which it would follow that a panel hearing must be held and for which there is a shorter, 2 Yiyear Statute of Limitations (CPLR 214-a) or are to be deemed common-law negligence for which a panel hearing would be unwarranted and for which there is a longer, three-year Statute of Limitations (CPLR 214) (Bleiler v Bodnar, 65 NY2d 65; Huntley v State of New York, 62 NY2d 134; White v Sheehan Mem. Hosp., 119 AD2d 989; Foote v Picinich, 118 AD2d 156; Coursen v New York Hospital-Cornell Med. Center, 114 AD2d 254; McCormack v Mount Sinai Hosp., 85 AD2d 596; Chemnitz v Livreri, 79 AD2d 627; Bamert v Central Gen. Hosp., 77 AD2d 559, affd 53 NY2d 656; Musso v Westfield Mem. Hosp., 64 AD2d 851; Sigmon v County of Tompkins, 113 Misc 2d 655; McLaughlin, 1986 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 214-a, at 273 [1987 Pocket Part]). While resolution of this matter would seemingly depend on the definition of medical malpractice as used in Judiciary Law § 148-a, the term is apparently undefined (Bleiler v Bodnar, supra, at 69). An analysis of some of the aforementioned decisions is instructive in reaching a solution to the matter, although none of these decisions directly addresses the specific issue presented here.
In Huntley v State of New York (supra), a psychiatric patient communicated a suicide plan to a hospital staff member who failed to transmit this information to a staff psychiatrist. The next day, the patient left the hospital and acted on the plan. The Court of Appeals affirmed findings that the failure to transmit the information to a staff psychiatrist resulted in a failure by the hospital to adequately supervise its patient and that this constituted common-law negligence.
Bleiler v Bodnar (supra) discussed Huntley (supra), stating (at 72): "In Huntley, a psychiatric hospital employee failed to satisfy her duty of taking adequate measures to ensure the safety of a patient who had told her of a plan to commit suicide * * * This duty — which included an obligation to inform the staff psychiatrist — was independent of the hospital’s obligation to provide proper medical treatment, and therefore constituted common-law negligence, not medical malpractice”.
The court in Bleiler (supra) then went on to reiterate the dichotomy between hospital malpractice and hospital negligence stating (at 73): "A hospital in a general sense is always *1125 furnishing medical care to patients, but clearly not every act of negligence toward a patient would be medical malpractice.” Huntley (supra) dealt with the applicable collateral source rule (CPLR 4010) while Bleiler was concerned which Statute of Limitations would apply.
Similarly, in White v Sheehan Mem. Hosp. (supra), plaintiff admitted to defendant hospital for alcohol-related illness was supposed to be sedated and physically restrained. Nevertheless, he somehow fell out of a window at the hospital. Plaintiff commenced the action after the Statute of Limitations for malpractice had expired but before the limitations period for common-law negligence had expired. In holding that the Statute of Limitations had not expired, the Appellate Division stated (at 989): "Here, plaintiff alleges a breach of duty in the failure of defendant to adequately restrain, supervise and exercise care for his safety. He thus alleges a cause of action for common-law negligence, not medical malpractice (see, Huntley v State of New York, 62 NY2d 134).”
Likewise, in Coursen v New York Hospital-Cornell Med. Center (supra), also an Appellate Division decision, the plaintiff charged defendant hospital with negligence because a nurse’s aide permitted him the day after an operation to enter a bathroom unaccompanied during which time he fell and sustained injury. In holding that these allegations constituted common-law negligence so that they would be subject to a three-year Statute of Limitations rather than the shorter malpractice limitations period, the court pointed to the fact that it is unnecessary to have expert testimony to determine whether there was negligence in allowing plaintiff to enter the bathroom without assistance and that a jury by applying its own common knowledge can determine whether there was a deviation from the standard of due care.
On the other hand, it must be conceded that where a seemingly administrative act is not performed despite a physician’s orders, a panel hearing has been required. This appears to have resulted from the disposition to resolve the doubt as to the nature of the case in favor of sending the matter to a panel (cf., Bleiler v Bodnar, 102 AD2d 226, 229-230, mod 65 NY2d 65, supra; McCormack v Mount Sinai Hosp., supra; Chemnitz v Livreri, supra; Bamert v Central Gen. Hosp., supra; Walsh v Lo Piccolo, 127 Misc 2d 304). The justification is at least in part that Judiciary Law § 148-a is a statute which has been given an ever-increasing scope; that if there are issues which are even only colorably of a malpractice nature, they *1126 belong before a panel; and that there is no prejudice in sending the case to a panel since the panel may foster informal discussions which may promote settlement of malpractice issues (cf., Chemnitz v Livreri, supra; Calvin v Schlossman, 74 AD2d 265).
All of this would support the defendant’s position that the matter should go to a panel. The matter does after all involve a hospital, the failure of its personnel to protect plaintiff and restrain another one of its patients and it seems self-evident that issues will be raised at trial regarding the medical and psychological condition of the assaulting patient. Nevertheless, I conclude that there are more compelling factors which warrant the granting of plaintiff’s motion.
What sets this case apart from those which support the view that this case should go to a panel is that plaintiff is not suing defendant hospital based upon what its personnel did or did not do to plaintiff, but rather for what the hospital failed to do in treating a third person. Stated otherwise, this case seeks to impose liability upon the hospital because plaintiff was harmed by the alleged negligent care rendered to a nonparty. Thus, the issue that would be before the panel would be the medical condition of the assailant and not the medical condition of the plaintiff.
This is buttressed by the fact that the defendant asks for a panel with a psychiatrist as its physician member. Plaintiff has not sued the assailant and plaintiff’s rights to obtain that patient’s records and to physically examine him may be circumscribed by the physician-patient privilege. Hence, plaintiff and even defendant are not in positions to thoroughly pursue the medical treatment of that patient, the raison d’etre of a panel hearing.
Accordingly, I find that fundamentally this case is one involving a claim of improper supervision rather than malpractice and is one sounding in common-law negligence. Having reached that conclusion, I am also of the view that notwithstanding the liberality with which quasi-malpractice cases are sent to panels (McCormack v Mount Sinai Hosp., supra; Chemnitz v Livreri, supra; Bamert v Central Gen. Hosp., supra), this one is not appropriate for panel consideration.
The motion is granted. Since I conclude that this is not a medical malpractice action, the clerk is directed to reassign it to a general negligence part.