■ In the Matter of the Claim of MARGARET GORSKY, Respondent, against CITY OF NEW YORK et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board for death benefits. The board found decedent's death in 1953 due to coal miner's disease which it related to his employment as a fireman at Hunter College for a period of three months in 1946 and 1947. There was evidence that as an incident to his employment decedent was obliged to pick up loose coal falling to the floor from the conveyor which delivered coal to the furnace and that there was customarily "a certain amount" of coal dust in the air in the furnace room. The board invoked the presumption that "exposure to the hazards of harmful dust * * * for a period of sixty days * * * shall be presumed, in the absence of substantial evidence to the contrary, to be an injurious exposure." (Workmen's Compensation Law, § 47.) There was, however, "substantial evidence to the contrary". Further, there appears to be no substantial evidence of the causation which the board found. The board referred the case to a board of three impartial chest specialists who reached a diagnosis of "extensive anthracosilicosis of the lungs with extensive

emphysema" and attributed death to "the pulmonary disease and its complications", finding that the disease was "obviously" due to decedent's work (for some 27 years) "in and about the hard coal mines of Pennsylvania" and that any exposure to coal dust in the employment in issue here "was not of sufficient duration or severity to contribute to the disabling disease." A physician associated with the State Division of Industrial Hygiene denied any injurious exposure in the employment here in question. Appellants' medical expert also denied causation. Claimant's medical witness gave somewhat equivocal testimony tending toward causation but when asked directly as to possible aggravation of the pre-existing disease by exposure to coal dust in the employment in question, he said it would be "highly speculative to answer". We fail to find in his testimony, read and considered as a whole, substantial evidence of causation. Decision and award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.