■ MARY CASTIGLIONE, as Administratrix of the Estate of ALBERT V. CASTIGLIONE, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim

No. 33330.) — REYNOLDS, J. Appeal from a judgment of the Court of Claims dismissing the appellant's claim for injuries, pain and suffering sustained by her intestate. The decedent sustained the injuries for which recovery is herein sought on May 18, 1953 as he, along with several other inmates, attempted to escape from a security ward of the Kings Park State Hospital. The sole question is whether the State was negligent in allowing the escape to proceed as far as it did. The duty of the State is to take every reasonable precaution to protect the patients at its institutions from injury, whether self inflicted or otherwise (e.g., *Shattuck* v. *State of New York*, 166 Misc. 271, affd. 254 App. Div. 926), and where as here a prior escape has been attempted extra precautions are required to prevent further attempted escapes (*Callahan* v. *State of New York*, 179 Misc. 781, affd. 266 App. Div. 1054). But at the same time the State is not required to watch the decedent's every move 24 hours a day (*Hirsh* v. *State of New York*, 8 N Y 2d 125). It cannot be expected to thwart every attempt at escape no matter how ingeniously contrived or prepared. Here the record reveals that two attendants were assigned to watch 23 patients and that the patients were checked at intervals of from 30 to 45 minutes, the last check coming approximately 20 minutes prior to the attempted escape. There is substantial proof that this supervision was adequate, and thus we cannot say that the weight of the evidence does not support the trial court's conclusion that the supervision here provided was sufficient (*Feitelberg* v. *State of New York*, 284 App. Div. 1086). Similarly we concur in the trial court's finding that there was no negligence in the type of windows utilized in the security ward or in the maintenance of the window through which the escape was attempted. Concededly the presence of iron bars could have prevented the instant accident, but there is proof that iron bars are not conducive to the recovery of the patients and claimant's own expert admitted that modern institutions do not utilize iron bars. Furthermore, though 1,800 of this type of window had been installed since 1939, there had been no escape through such a window and decedent and his cohorts were the only patients known to have sheared the pin that held such a window in place. Finally appellant urges that the State was negligent in failing to prevent access to the iron handle from the mop wringer allegedly utilized to shear this pin holding the window. She suggests that adequate supervision would have discovered that it was missing and that a search of the ward would have revealed its hiding place. Such a conclusion on the instant record is pure conjecture, and there was thus no error in the trial court's failure to find liability on this basis (*Hirsh* v. *State of New York, supra*). Judgment affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.