■ MARGARET LA PLANTE, as Administratrix of the Estate of JOHN C. OLSON, Deceased, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 45147.) — AULISI, J. Cross appeals from a judgment in favor of claimant, entered November 16, 1967, upon a decision of the Court of Claims. Claimant's father, 84 years old, was admitted voluntarily to Bronx State Hospital on August 6, 1964. He had previously lived with claimant, but because his physical and mental condition had deteriorated she was no longer able to care for him. Upon admission his condition was diagnosed as "Senile Psychosis-Simple Deterioration". His history as related by claimant at the time of admission included the facts that her father needed assistance in his personal needs, that he needed help in walking, and that he had fallen off the toilet and bed in her home. On October 17, 1964, he apparently fell off the toilet at the hospital, but was not injured. Around midnight on November 6, 1964, after the patients had been put to bed, claimant's father was found on the floor of his ward. Since he did not complain of pain and no injury was visible, he was put back to bed. The next morning he was unable to stand and X-rays were taken which revealed a broken hip. He was transferred to another hospital for treatment and the ensuing operation and complications resulted in his death on December 13, 1964. The alleged negligence of the State is predicated upon the theory that the State neglected to take reasonable precautions to prevent the accident by failing to put siderails in place on decedent's bed with the result that he did fall from the bed. The State appeals on the ground that claimant did not prove a prima facie case and claimant cross-appeals that the award is inadequate. The only evidence of the lack of siderails on decedent's bed was furnished by claimant and was based upon conversations with her father after the accident and with an unidentified doctor at a later date. These conversations were hearsay

and inadmissible (see Richardson, Evidence [9th ed.], §§ 264, 265). The remaining record is devoid of evidence whether siderails were or were not in use on decedent's bed prior to the accident. Here, the State's alleged negligence is not the only inference that can be drawn from the evidence as it appears equally as probable that decedent slipped or fell on his own without any fault on the part of the State (see *Shanon* v. *State of New York,* 29 A D 2d 1024; *Barry* v. *State of New York,* 27 A D 2d 593). The Court of Claims determined liability by faulting the State because of a lack of proof to warrant a finding that sideboards were actually in place on the night of the accident. We are constrained to point out that it was for claimant to establish her case and her failure to do so does not impose the burden upon the State to prove otherwise. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.