■ ERNEST HERNANDEZ, an Infant, by OLGA H. CHICKORY, His Mother, et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 51501.) — Appeal from a judgment, entered March 9, 1972, upon a decision of the Court of Claims which dismissed the claim. This is a claim against the State for personal injuries sustained on June 29, 1969 by claimant Ernest Hernandez, aged 20. The record reveals that on that date while attempting to escape from the Manhattan State Hospital, claimant fell several stories and sustained severe personal injuries. The record establishes that claimant was in a "closed" ward because it was known that he had expressed an intent to escape; that he had, in fact, escaped on three previous occasions. During the early morning of the day in question claimant had obtained some sheets, tied them together, attached one to a radiator pipe and apparently intended to escape through a window in his room. Claimant's room was located on the seventh floor. No one testified to the actual abortive escape. The only attendant on duty during the 12:00 A.M. to 8:00 A.M. shift testified that there were 53 patients in the ward; that he made a bedcheck every hour and discovered claimant missing during his 4:00 A.M. check. The record further reveals that in claimant's room was an unlocked jalousie window consisting of eight sections, each of which opened inward to a width of about six inches; that there was a linen closet in which sheets were kept some 10 yards from claimant's room, which by hospital regulations, was to be kept locked at all times. The State owed this claimant the duty to take every reasonable precaution to protect him from injury. Even though it was aware of claimant's previous tendency to escape, there was no duty to watch him 24 hours a day. (*Castiglione* v. *State of New York*, 25 A D 2d 895.) The trial court dismissed the claim. There is ample evidence in the record to sustain the court's determination. There is no proof in the record as to how claimant obtained the sheets and we may not speculate. The attendant had made a bedcheck within the hour and found nothing suspicious. While the window was unlocked, the openings permitted by this type of window were relatively small. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Main, JJ., concur.