■ FERDINANDO LANDO, Individually and as Administrator of the Estate of ROSE LANDO, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54483.)—Appeal from a judgment in favor of claimant, entered July 15, 1974, upon a decision of the Court of Claims. The decedent, a 49-year-old daughter of the claimant administrator, had spent much of her adult life as a patient in various mental hospitals operated by the State. Her deportment was such that while a patient at Kings Park State Hospital during the summer of 1971 she was granted certain privileges, one of which afforded her the opportunity to walk about the hospital grounds after the evening meal. On the evening of August 10, Miss Lando and three similarly privileged patients set out for such a stroll. At approximately 7:30 P.M. the others returned, but Miss Lando did not. Upon discovery of her failure to return, the hospital authorities began a search, the thoroughness of which is seriously questioned by the claimant, and the testimony as to what was done in this respect and by whom presents a sharp conflict. Immediate efforts to contact the claimant father were unsuccessful, but he was advised of her disappearance the following day. Some 11 days after her disappearance, the body of Miss Lando was discovered in a wooded area in an advanced state of decomposition. Claimant commenced this action which

presents a new twist to a recurring problem—injuries or death to a patient of a State mental institution, in that the claim asserts the primary negligence to be the failure to make a reasonable search after learning of the patient's disappearance. To demonstrate entitlement to an award in this situation, the claimant must establish the existence of a duty; that the duty was breached and that the breach was the proximate cause of death. Even if we assume the existence of a duty and assume but do not concede its breach, the claim here must fail because of a lack of proof that the breach was the proximate cause of the result. Without this connection between the duty and the result, there can be no recovery (see *Soto v State of New York,* 39 AD2d 993). The deceased may have been the victim of foul play or she may have died from natural causes and the time of death is uncertain. There is no proof as to when Miss Lando's body fell or was placed or thrown into the obscuring foliage. Hence, several possibilities as to what occurred exist and, since the State would not be responsible for one or more of these possibilities, the claimant cannot recover without proving that the death was sustained wholly or in part by a cause for which the State was responsible *(Stuart-Bullock v State of New York,* 38 AD2d 626, affd 33 NY2d 418). To conclude here that the failure to make an adequate search was the proximate cause requires speculation of the rankest sort. We likewise find no merit to claimant's other contentions and the judgment must be reversed. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Herlihy, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.