■ ELBA RODRIGUEZ, Individually and as Mother and Natural Guardian of YOLANDA RODRIGUEZ, an Infant, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54030.)—Appeal from a judgment in favor of claimants, entered May 1, 1974, upon a decision of the Court of Claims. On April 18, 1971, Yolanda Rodriguez was five years of age and a nonambulatory patient at Willowbrook State Hospital. She was profoundly retarded, paraplegic and spastic, suffering from a condition diagnosed as hydrocephalic and spina bifida. At about 12:30 A.M. that day an attendant noticed a possible injury to Yolanda's left leg. An X-ray examination disclosed a supracondylar fracture of the lower left femur. There was no prior indication of any injury at the time of her evening care the night before and no explanation of the cause of her injury other than some medical evidence that because of nonuse her bones were quite brittle and susceptible to frequent fractures. The court made an award applying the doctrine of *res ipsa loquitur,* and the issue upon this appeal is whether that doctrine was

properly applied upon the facts of this case. We think not. Claimant was unable to point to any event or instrumentality as being responsible for Yolanda's injury. All the evidence shows is that those injuries may have arisen from any one of a variety of causes, including, perhaps, some which were negligent. Yet evidence showing a probability that the accident could not have occurred in the absence of negligence must be adduced before the *res ipsa loquitur* doctrine will be applied (cf. *Manley v New York Tel. Co.,* 303 NY 18; *Galbraith v Busch,* 267 NY 230; *La Plante v State of New York,* 31 AD2d 570). Although claimant offers proof of a shortage of supervisors and attendants at Willowbrook State Hospital, there is no evidence that such a shortage *caused* the injury of the infant, nor is there any other evidence of a breach of any duty owed by the State to Yolanda. Admittedly, a heavy burden of proof rests upon a claimant under these circumstances, but, in accordance with established principles in existing case law, the claim must be dismissed (cf. *Lando v State of New York,* 47 AD2d 972). Judgment reversed, on the law and the facts, and claim dismissed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur. [78 Misc 2d 174.]