■ GEORGE MOCHEN, JR., an Infant, by his Father and Natural Guardian, GEORGE MOCHEN, SR., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 51514.)—Judgment affirmed, without costs, on the decision of the Court of Claims, Moriarty, J., and the following Memorandum: On a prior appeal from a judgment of the Court of Claims dismissing claimant's claim for personal injuries sustained in a fall from a window at the Buffalo State Hospital, we found that claimant, then 17 years of age, was not chargeable with contributory negligence because of his illness *(Mochen v State of New York,* 43 AD2d 484). Upon retrial of the claim the parties submitted the issues on the record of the original trial. Claimant appeals from a judgment dismissing the claim for failure to establish causal negligence upon the part

of the defendant State of New York. While it is clear that the State has a duty to take every precaution to protect its hospital patients from injury, self-inflicted or otherwise, and the degree of such care is measured by the patients' physical and mental illness as known to the hospital officials and employees, it is not an insurer of their safety and there is no requirement that their activities be monitored 24 hours per day *(Hirsh v State of New York,* 8 NY2d 125; *Hernandez v State of New York,* 46 AD2d 712; *Castiglione v State of New York,* 25 AD2d 895). Negligence cannot be presumed from the mere happening of an accident. It is incumbent upon the part of claimant to show affirmatively by competent evidence that the injury complained of was caused by reason of some breach of duty by the State. Negligence must be proven *(Van Barneveld v State of New York,* 35 AD2d 900; *Kowalski v State of New York,* 7 AD2d 762). The evidence established that claimant had a history of prior elopements from mental institutions and that for this reason he was assigned to a closed ward. The attendant on duty conducted a bed check and window examination upon beginning his midnight to 8 A.M. shift and 40 minutes later claimant's abortive escape attempt occurred. The assistant director of the hospital testified that it was less than desirable to have only one attendant on duty in the ward but that claimant's attempt to exit the ward through a barred window and reach the ground by means of a bed sheet rope occurred when normally the patients would be sleeping and very little supervision would be required. The record gives no indication as to how the claimant and his companion were able to break or remove the iron bars from the window through which they passed and the method employed is a matter of pure speculation and conjecture. The further facts that this occurred after midnight when usually the patients are sleeping and the absence of any indication of untoward activity indicate that no reasonable provision of additional supervision would have prevented the occurrence. In the absence of constant guarding and watching, an unreasonable requirement under the circumstances, it would not appear that defendant could have prevented the escape attempt. No evidence was offered to show that the bars on the window from which claimant fell were defective or deteriorated or in a state of negligent disrepair or how their removal was effected. Claimant failed to sustain the burden of establishing causal negligence on the part of defendant. Nor was there any showing of probability that the fall from the window could not have occurred in the absence of the State's negligence, which showing would have to be made to invoke the doctrine of *res ipsa loquitur (Rodriguez v State of New York,* 50 AD2d 985). All concur, except Dillon, J., who dissents and votes to reverse the judgment and grant a new trial on the issue of damages only, in the following memorandum: I dissent and vote to reverse. On a prior appeal (43 AD2d 484) this court held that the mental illness of the infant claimant, George Mochen, Jr., was such that he was not chargeable with contributory negligence (see *Mochen v State of New York,* 43 AD2d 484). On the retrial, additional medical testimony was taken as to the infant claimant's injuries but otherwise the parties agreed to submit the original record to the trial court. The Court of Claims dismissed the action upon its finding that the claimants had failed to establish negligence on the part of the State. The record demonstrates that the claimants proved by a fair preponderance of the evidence that the State was negligent in its duty to a confined mental patient (cf. *Martindale v State of New York,* 269 NY 554). This 17-year-old claimant had been confined in various mental institutions for periods of more than five years from the time he was nine years old. He attempted to escape from confinement on 17 prior occasions. Although two

attendants were scheduled to work on the night of the accident, only one was on duty to observe and care for 78 patients who were in a locked ward with barred windows. The attendant testified that he checked the bars on the window of claimant's quarters approximately 40 minutes before the accident and they were intact. Within that brief period, without detection by the attendant, claimant and another patient broke two of the window bars and attempted to escape. In some fashion claimant fell 35 or 40 feet to the ground below and severely fractured his left leg. The escape attempt, with the resulting injury to claimant, was a risk reasonably to be perceived by the State and thus defined the State's duty to claimant *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339). The State had ample notice of the claimant's prior escape attempts. It failed to provide a sufficient complement of personnel to observe patients and prevent claimant's escape, and it failed to provide window bars of sufficient strength to restrain claimant and another for even a 40-minute period. Claimant's accident was not observed by the attendant until the latter heard claimant screaming as he lay on the ground below. In these circumstances, the State was required to take adequate precautions to supervise claimant to prevent further escapes *(Callahan v State of New York,* 179 Misc 781, affd 266 App Div 1054; *Shattuck v State of New York,* 166 Misc 271, affd 254 App Div 926). It had a duty to take every reasonable measure to protect its hospital inmate from injury, whether self-inflicted or otherwise *(Martindale v State of New York, supra).* Its duty to exercise reasonable care was breached when it failed to provide adequate supervision and restraint of claimant *(Dunn v State of New York,* 29 NY2d 313). There should be a new trial on the issue of damages only. (Appeal from judgment of Court of Claims—negligence.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.