SECOND DEPARTMENT, JUNE, 1986

(June 2, 1986)

■ ANTHONY CASSESE, Appellant, v BROOKLYN HOSPITAL, Respondent.—In an action to recover damages for personal injuries sustained by Antoinette Cassese, now deceased, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Pino, J.), entered July 30, 1984, which, at the close of the plaintiff's evidence during a bifurcated trial by jury on the issue of liability only, granted the defendant's motion to dismiss the action on the ground that the plaintiff failed to make out a prima facie case.

Judgment affirmed, with costs.

This action was commenced by Antoinette Cassese in September 1980 to recover damages for personal injuries which she sustained on July 5, 1980, at about 4:30 A.M. when she fell in the bathroom of her room at the defendant Brooklyn Hospital where she was a patient. The complaint asserted a first cause of action based upon a claim of ordinary negligence. A second cause of action, which was later withdrawn by stipulation of the parties prior to trial, was based upon alleged medical malpractice. Following Mrs. Cassese's death from causes apparently unrelated to her fall, her son Anthony Cassese, the administrator of her estate, was substituted as the plaintiff.

In the bill of particulars, the plaintiff presented two theories of liability against the defendant hospital, the first alleging negligent supervision by the hospital employees, and the second asserting that the hospital maintenance staff failed to remedy an unsafe and dangerous condition, despite actual and constructive notice.

During a conference with counsel prior to the commencement of the trial, and after reviewing the hospital records and considering the plaintiff's offer of proof, the trial court ruled that the plaintiff could not proceed on a theory of negligent

supervision, because there was no evidence to support this claim. The plaintiff's attorney then presented a brief opening statement during which he stated that the plaintiff would demonstrate that Mrs. Cassese's fall in the bathroom was caused by water on the floor which was not cleaned up by the hospital employees despite prior notification. Only one of the plaintiff's witnesses, nurse Judith Valcin, had any firsthand knowledge of the accident. She testified that she checked the patient at 4:00 A.M. and found her in no distress. At 4:30 A.M., she again checked Mrs. Cassese and found her lying on the floor of the bathroom on her back. She further testified that the floor was dry. The only evidence submitted by the plaintiff suggesting that the floor was not dry consisted of a progress note in the hospital records written several hours after the accident by the patient's private physician. This note stated that the patient slipped in her urine. However, during this testimony at trial, the private physician could not recall the source of this information. At the close of the plaintiff's evidence, the court dismissed the complaint upon the defendant's motion.

Even viewing the evidence in the light most favorable to the plaintiff, we agree with the trial court's determination that the jury could not render a verdict in favor of the plaintiff under any rational interpretation of the evidence (see, *Calvaruso v Our Lady of Peace R. C. Church,* 36 AD2d 755). The plaintiff failed to demonstrate that an unsafe and dangerous condition existed in the bathroom, that the defendant hospital had constructive or actual notice of that condition, and that the defendant's negligence in not remedying the condition proximately caused the patient's injury. In sum, the plaintiff failed to establish a prima facie case.

We also find no merit to the plaintiff's contention that the trial court erred in excluding the testimony of his witnesses concerning an alleged postaccident conversation with an unidentified head nurse. Under these circumstances, the trial court properly ruled that the proffered testimony did not fall under any exception to the hearsay rule (see, *Loschiavo v Port Auth.,* 58 NY2d 1040; *La Plante v State of New York,* 31 AD2d 570, *affd* 28 NY2d 575).

Contrary to the plaintiff's assertions on this appeal, the record indicates that the trial was fair and the trial court's conduct did not prejudice the plaintiff's case.

We have examined the plaintiff's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Niehoff and Spatt, JJ., concur.