OPINION OF THE COURT
Phyllis Gangel-Jacob, J.
Plaintiff’s motion to dismiss the counterclaim is denied.
Plaintiff has brought this action to recover fees for dental treatment he allegedly provided to defendant. Defendant’s counterclaim, contained in the amended answer, alleges that plaintiff committed dental malpractice by improperly fitting defendant’s dentures so that she lost "supporting tooth structure” and suffered "serious periodontal problems” and "extreme mobility in her anterior teeth.” The counterclaim demands damages for pain and suffering and the cost of repairing the injuries caused by plaintiff’s allegedly defective treatment.
Statements in a pleading must be sufficiently particular to *945 give the court and parties notice of the transactions and occurrences to be proven and the material elements of the cause of action. (CPLR 3013; Foley v D’Agostino, 21 AD2d 60, 62-63 [1st Dept 1964].) Furthermore, on a motion to dismiss a claim (CPLR 3211), in contrast to a motion for summary judgment (CPLR 3212), the court must accept as true every allegation in the claim without expressing any opinion about the proponent’s ability to establish the truth of the allegations at trial. (219 Broadway Corp. v Alexander’s Inc., 46 NY2d 506, 509 [1979].) These principles apply to causes of action contained in counterclaims as well as in complaints. (Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:4, at 11.)
In this case, the counterclaim provides notice of the treatment rendered by plaintiff, his duty to exercise care and skill, his alleged negligence and failure to meet the required level of skill in treating plaintiff, the injuries plaintiff suffered and the assertion that the treatment caused the injuries without any contributory negligence by defendant. In addition, these allegations are legally sufficient to state a claim for malpractice. (45 NY Jur, Physicians and Surgeons, § 158 [rev ed]; see, Alteresko v Phillips, 208 App Div 171 [1st Dept 1924] [applying to dentists the standards for medical malpractice].)
The court also notes that the requirement of an attorney’s certificate of merit in a medical or dental malpractice action, effective July 8, 1986, does not apply to counterclaims. CPLR 3012-a, enacted as part of a major tort reform law (L 1986, ch 266), requires only that such a certificate accompany a complaint in an action.
A statute should be construed with others on the same subject enacted earlier or contemporaneously to discern the legislative intent in using particular terms. (Smith v People, 47 NY 330, 339 [1872].) Moreover, the Legislature’s expression of one thing excludes another. (People v Ifill, 127 Misc 2d 678, 680 [Sup Ct, Kings County 1985].) Compare CPLR 3012-a, which refers only to the complaint in an action, with CPLR 7564 (b), enacted in the same chapter, which itemizes its application to an "action, claim, counterclaim, defense or cross claim”. See also CPLR 8303-a (L 1985, ch 294) containing the same list. The Legislature had and evidently declined the opportunity to make CPLR 3012-a applicable to counterclaims.
Accordingly, the motion is denied.