■ DEBBIE CLINTON, Respondent, v CITY OF NEW YORK et al., Appellants.

A hospital is under a duty to exercise reasonable care and diligence in safeguarding its patient from harm inflicted by third persons, measured by the capacity of the patient to provide for his or her own safety *(Killeen v State of New York,* 66 NY2d 850; *Mochen v State of New York,* 57 AD2d 719). The plaintiff, while a patient in a city-operated hospital, was repeatedly stabbed by another patient about the face and upper body with a pair of hospital suture scissors.

We find that the jury, based upon the evidence presented, could have properly concluded that the defendant hospital was negligent in failing to take minimal safety measures to prevent its patients from gaining access to and misusing an inherently dangerous hospital implement. Hospitals stock numerous sharp-bladed instruments, macerating saws, and dangerous drugs, all of which are intended for therapeutic use by trained professionals. The testimony adduced at trial established that prudent hospital practice dictates that any instruments intended for use by trained hospital personnel are not to be used by patients without supervision. Thus, suture scissors are ordinarily kept in a locked cabinet and then disposed of following their use. It appears that through the negligence of its staff, the hospital permitted a patient to retain a pair of suture scissors next to her bed for an extended period of time, creating a serious risk of harm to its patients. Where, as here, "the intervening, intentional act of another is itself the foreseeable harm that shapes the duty imposed, the defendant who fails to guard against such conduct will not be relieved of liability when that act occurs" *(Kush v City of Buffalo,* 59 NY2d 26, 33). Thompson, J. P., Brown and Weinstein, JJ., concur.

Balletta, J., dissents and votes to reverse the judgment on the law, and to dismiss the complaint, with the following memorandum: I respectfully disagree with the majority's conclusion that the record supports the submission of the issue of liability on the part of the hospital to the jury.

Although a hospital is under a duty to exercise reasonable care and diligence in safeguarding its patients from harm, negligence on the part of the hospital must be proven and cannot be inferred solely from the occurrence of an injury to a patient. It is incumbent upon the plaintiff to make an affirmative showing by competent evidence that her injuries were caused by reason of some breach of duty on the part of the hospital *(see, Mochen v State of New York,* 57 AD2d 719, 720;

*Van Barneveld v State of New York,* 35 AD2d 900). In order to establish liability on the part of a defendant, a plaintiff must show that an injury was foreseeable *(Pulka v Edelman,* 40 NY2d 781, 786, *rearg denied* 41 NY2d 901; *Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 344), and that the defendant's negligence was a proximate cause of that injury *(Sheehan v City of New York,* 40 NY2d 496, 501).

The testimony adduced at the trial established that the hospital took reasonable safety measures to prevent patients from gaining access to hospital implements. Prior to use, suture scissors were kept in a locked cabinet to keep them sterile and to prevent pilferage, and after use, they were immediately disposed of. Other hospital property was also kept under lock and key—e.g., tongue blades and bathroom tissue. The record gives no indication as to how the assailant came to possess the suture scissors. While the scissors used in the attack were described as being "hospital disposable scissors", there is no evidence that the scissors were actually the defendants' property. Indeed, the record shows that this type of scissors can be obtained outside the hospital.

Although a nurse who attended the assailant went into her room several times each day, she did not observe the assailant in possession of the suture scissors or she would have removed them if they had been hospital property. In addition, the assailant was not a psychiatric patient and no evidence was offered to show that she was known to have vicious propensities. Under the circumstances, the hospital could have done nothing more to prevent the assault, nor could it have reasonably foreseen the assault. It is unreasonable to expect hospitals to search nonpsychiatric patients and their visitors for instruments which might present a danger to a patient. Nor can the hospital be required to provide continuous supervision of its nonpsychiatric patients *(see, Hirsh v State of New York,* 8 NY2d 125; *Van Barneveld v State of New York, supra).* The assault on the plaintiff by another patient, who was not known to be vicious and who had not previously shown any hostility towards the plaintiff while both were patients in a medical ward for nonpsychiatric patients, was a superseding, intervening act which was the cause of the plaintiff's injuries *(see, Bolsenbroek v Tully & Di Napoli,* 12 AD2d 376, *affd* 10 NY2d 960; *Santiago v New York City Hous. Auth.,* 101 AD2d 735, *affd* 63 NY2d 761; *Clark v City of Buffalo,* 288 NY 62).

Accordingly, I would vote to reverse the judgment and dismiss the complaint.