OPINION OF THE COURT
Edwin Margolis, J.
This is a claim for personal injuries resulting from the alleged medical malpractice of defendant’s employees at East *1021 ern New York Correctional Facility and of physicians contracting with the State of New York. While he was an inmate at the facility, claimant developed symptoms and later received treatment for what turned out to be cancer of the larynx. He alleges that his diagnosis and treatment were delayed and that he did not receive proper follow-up care after the initial treatment.
In its answer, defendant raised the following affirmative defenses: (1) claimant’s own culpable conduct, (2) negligence or fault of some third party, (3) lack of particularity in the pleading, and (4) failure to comply with the requirements of CPLR 3012-a. Claimant has moved to dismiss all of the affirmative defenses, and defendant has cross-moved to dismiss the entire claim for failure to comply with CPLR 3012-a. At the outset, we will deny claimant’s motion with respect to the first and second affirmative defenses. Defendant has the right to introduce evidence that the injury resulted, at least in part, from the acts or omissions of claimant or some third party for whom the State is . not responsible. It would be premature to cut off that right at this juncture, particularly as it appears that claimant has not yet demanded the particulars of these defenses. However, the court grants claimant’s motion with respect to the third affirmative defense. The initial pleadings supply sufficient notice of the transactions and occurrences from which the claim arose and of the material elements of each cause of action (CPLR 3013). We turn now to the parties’ arguments regarding the applicability and effect of CPLR 3012-a.
CPLR 3012-a (a) (1), originally enacted by Laws of 1986 (ch 266, § 2), requires that all "complaint[s]” for medical, dental or (after 1987) podiatric malpractice be accompanied by a certificate of merit ("reasonable basis for the commencement of [the] action”) executed by "plaintiff[’s]” attorney. In a medical malpractice action, the certificate is to be based on the attorney’s review of the facts of the case and consultation with at least one licensed and knowledgeable physician. Subdivision (a) (2) and (3) provides for alternative submissions to accompany the complaint when the attorney is unable to obtain the necessary consultation. The statute is applicable to all actions commenced on or after July 8, 1986.
Claimant’s causes of action are alleged to have accrued in November 1985. A pro se notice of intention to file a claim was *1022 filed shortly thereafter,[1] and claimant retained his current counsel at some unknown later date. Prior to institution of this action, the attorney who now represents claimant moved for a court order directing defendant to supply a copy of claimant’s medical records for counsel’s review. (Order motion No. M-37031, July 2, 1987, Lyons, J.)[2] This action was subsequently initiated by a claim — which was not accompanied by a CPLR 3012-a certificate — filed on November 20, 1987. Issue was joined by service of an answer on January 5, 1988; as noted above, the answer raised the issue of compliance with CPLR 3012-a. Within two weeks, counsel for claimant brought the instant motion which seeks, inter alia, to resolve the question of the statute’s applicability. In response to defendant’s cross motion, claimant’s counsel has provided the court with the information required by CPLR 3012-a as part of his reply affidavit.
Claimant’s counsel states that he did not attach a certificate . of merit to the original pleading because it was his understanding that the requirements of CPLR 3012-a do not apply to actions in the Court of Claims. In support of this interpretation, he notes that CPLR 3012-a refers only to "plaintiff” and "complaint” (rather than "claimant” and "claim”), that there was no corresponding change to the pleading requirements set forth in section 11 of the Court of Claims Act, and that certain other parts of the over-all medical malpractice legislation (L 1986, ch 266), such as the provisions relating to health care arbitration (enacted as CPLR 7550 et seq.) are not relevant to actions in this court.
For the reasons noted by counsel, the applicability of CPLR 3012-a to actions in this court has been questioned. (Swank v State of New York, Ct Cl, Feb. 5, 1988, I. Margolis, J., claim No. 73442, motion No. M-37894; Martelotto v State of New York, Ct Cl, Dec. 31, 1987, Corbett, P. J., claim No. 73856, motion No. M-37414.) However, belated certificates were accepted in both Swank and Martelotto, and the statute’s requirement was expressly held to be applicable in Seestedt v State of New York (Ct Cl, Feb. 10, 1987, Hanifin, J., claim No. 74913, motion No. M-36183). In attempting to resolve statu *1023 tory ambiguity, the approach generally should always be to strive to discern the Legislature’s intent from the spirit and purpose of its stated objectives. (See generally, Trayer v State of New York, 90 AD2d 263, 267; Western Regional Off-Track Betting Corp. v Service Employees Intl. Union, 115 Misc 2d 124, 127.)
The Legislature’s stated purpose in enacting Laws of 1986 (ch 266), which, inter alia, added CPLR 3012-a, was to reduce the costs of medical malpractice insurance premiums. This intention is expressly referred to in a number of sources: the declaration of legislative intent contained in the bill (L 1986, ch 266, § 1); the bill memorandum, prepared by the Governor’s office, which accompanied the bill (Governor’s Bill Jacket, S-9470/A-l1584); the Governor’s certificate pursuant to article III, § 14 of the NY Constitution certifying to the necessity of an immediate vote on the bill (June 24, 1986); and the Governor’s memorandum upon signing the bill into law (July 8, 1986, Governor’s Bill Jacket). In addition, the transcript of the Assembly debate (NY Assembly, June 24, 1986) is permeated with comments by many legislators to the effect that reducing the costs of medical malpractice insurance was the fundamental rationale and sine qua non of this remedial legislation.
This legislative purpose manifestly applies with equal force to cases in which the State is the defendant as it does to actions in which the defendant is a private person or corporation. Like private physicians, hospitals and purchasers of medical services and medical insurance therefor, the State bears the cost of medical malpractice insurance either directly or indirectly, and frivolous malpractice actions are as much a burden on the State as they are on others. There is absolutely no indication in any of the sources noted above that the Legislature intended to exclude the State from the protection afforded by CPLR 3012-a. In construing a statute, a court should consider the mischief sought to be remedied and favor a construction that will suppress the evil and advance the remedy. (Matter of New York Life Ins. Co. v State Tax Commn., 80 AD2d 675, 677; Lincoln First Bank v Rupert, 60 AD2d 193; see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 95.)
We recognize that in Koplik v Arnott (137 Misc 2d 944), it was held that a CPLR 3012-a certificate of merit was not required to accompany a medical malpractice counterclaim, interposed after the action had been commenced. That court reasoned that because CPLR 3012-a refers only to a "com *1024 plaint” while CPLR 7564 (b), also enacted by Laws of 1986 (ch 266), specifically refers to an "action, claim, counterclaim, defense or cross claim,” legislative intent could be discerned from the semantic difference. The court argued that the expanded categories of pleadings in the later section evinced a legislative intent to limit application of the former section only to complaints.
This approach, in our view, places entirely too great a reliance on rather subtle implications that may be drawn from legislative drafting. As a practical matter, it is most likely that different sections of the same chapter were drafted by different legislative technicians without reference to or consultation with each other. More to the point, we note that other sections of Laws of 1986 (ch 266), such as those requiring that future income taxes be taken into account in making a damage award (enacted as CPLR 4546), specifically refer to the role of the "jury”. Yet, we are aware of no argument or reason that this provision is to be inapplicable to actions in which the fact finder is a Judge. In short, the fairly clear legislative intention provides more coherent and persuasive guidance than does the technical and somewhat confusing terminology contained in the various sections of chapter 266. We hold that the requirements of CPLR 3012-a apply to actions commenced in the Court of Claims.
The previously troublesome issue of the appropriate sanction when a claimant fails to provide the requisite certificate of merit at the time of filing his claim has been greatly clarified by an opinion of the Second Department issued as we were attempting to resolve contradictory lower court rulings. In Santangelo v Raskin (137 AD2d 74, 78), the Appellate Division held that a litigant’s failure to submit the requisite CPLR 3012-a certificate "does not divest the court of subject matter jurisdiction” to hear the action but that such failure should not be excused "without some proof that there was a reasonable excuse for the default and that there is legal merit to the claim.” Relying on the remedial provisions of CPLR 3012, which relates to service of pleadings, the court determined that to avoid the sanction of dismissal, the plaintiff (or, here, the claimant) establish both that his excuse for failing to initially comply with the statute was reasonable and that the cause of action has legal merit. The showing of merit can no longer be accomplished only by the CPLR 3012-a certificate, which is prepared by the attorney, but must also be supported *1025 by "evidentiary proof * * * which * * * includes an affidavit of merit from an appropriate medical expert”. (Supra, at 79.)
In the instant case, for the reasons discussed at length above, counsel’s confusion as to the applicability of CPLR 3012-a to Court of Claims actions must be viewed as providing a reasonable excuse for his initial noncompliance. However, the information which he subsequently submitted to the court —which in substance, if not in form, complies with the requirement of CPLR 3012-a — is not sufficient to establish the legal merit of the claim after an original default. In accordance with the example of Santangelo (supra), claimant will be given an opportunity to submit additional proof which shall include a proper CPLR 3012-a certificate and an affidavit by a physician establishing an evidentiary basis for the claim.
Claimant’s motion to dismiss defendant’s affirmative defenses is granted with respect to the third affirmative defense and denied with respect to the first, second and fourth affirmative defenses. Defendant’s motion to dismiss the claim*for failure to comply with CPLR 3012-a (the fourth affirmative defense) is granted unless, within 45 days after service of a copy of this opinion and order, claimant submits satisfactory proof that there is legal merit to the claim in accordance with the foregoing.

. The argument of claimant’s counsel that the action was instituted by the notice of intention is rejected as being patently without merit. (Court of Claims Act § 10.)

. Defendant’s position which necessitated this motion and its opposition to the relief requested was questioned by Judge Lyons, in view of the fact that the attorney had a release and authorization signed by claimant.