■ RICHARD BORRILLO et al., Respondents, v BEEKMAN DOWN-TOWN HOSPITAL, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated July 22, 1987, which granted the plaintiffs' motion to dispense with the convening of a medical malpractice panel pursuant to Judiciary Law § 148-a on the ground that the action sounded in negligence and not in medical malpractice.

Ordered that the order is affirmed, with costs.

This action was commenced, *inter alia,* to recover damages for injuries sustained by the plaintiff Richard Borrillo while he was a patient at the defendant hospital. The complaint alleges that the injured plaintiff was assaulted by another patient while he was walking in a hospital corridor. The

plaintiffs contend, in essence, that the hospital was negligent in failing to protect the injured plaintiff from the attacker who it knew was dangerous.

On August 31, 1983, the plaintiffs were granted a trial preference allegedly due to the fact that the action involved medical malpractice. By notice of motion dated February 17, 1987, the plaintiffs moved for an order dispensing with the medical malpractice panel on the ground that their cause of action sounded in negligence. The Supreme Court granted the motion, finding that the plaintiff's claim sounded in simple negligence as opposed to medical malpractice. We agree.

A hospital has a duty to exercise reasonable care and diligence in safeguarding a patient from harm inflicted by third persons, measured by the capacity of the patient to provide for his or her own safety *(see, Clinton v City of New York,* 140 AD2d 404). When the duty owing to a patient by a practitioner or medical facility arises from the physician-patient relationship or is substantiality related to medical treatment, the breach thereof gives rise to an action sounding in medical malpractice as opposed to simple negligence *(see, Bleiler v Bodnar,* 65 NY2d 65). "The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of facts" *(Miller v Albany Med. Center Hosp.,* 95 AD2d 977, 978). Where the matter requires the consideration of the professional skill and knowledge of the practitioner or the medical facility, the more specialized theory of medical malpractice applies *(Papa v Brunswick Gen. Hosp.,* 132 AD2d 601; *Coursen v New York Hosp.—Cornell Med. Center,* 114 AD2d 254).

In the instant case, the allegations of the complaint do not involve diagnosis, treatment or the failure to follow a physician's instructions. Rather, the gravamen of the action concerns the alleged failure to exercise ordinary and reasonable care in safeguarding the patient. Inasmuch as the nature of the conduct complained of herein is such as may more readily be assessed on the basis of the common, everyday experience of the trier of facts *(see, Papa v Brunswick Gen. Hosp., supra,* at 603; *Miller v Albany Med. Center Hosp., supra,* at 978), the Supreme Court properly determined that the action sounded in ordinary negligence rather than malpractice.

Lastly, we conclude that the doctrine of judicial estoppel is

inapplicable to the instant case. Generally, " ' "a claim made or position taken in a former action or judicial proceeding will estop the party from making any inconsistent claim or taking a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party" ' " *(Matter of Martin v C. A. Prods. Co.,* 8 NY2d 226, 231; *Sengstack v Sengstack,* 7 Misc 2d 1012, 1019, *affd* 4 AD2d 1035, *affd* 4 NY2d 502). However, in the case at bar the defendant has failed to establish that it has been prejudiced by the plaintiffs' purportedly inconsistent positions. Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur. *[See,* 135 Misc 2d 1122.]