Monteleone, J. P.,
dissents and votes to modify the order in the following memorandum: I dissent and vote to modify the order.
The plaintiff, a medical partnership consisting of Dr. Safier and Dr. Vogelman, has brought this action to recover $540, the balance due for medical services rendered to the defendant.
The defendant interposed a counterclaim for $100,000. The plaintiff moved to dismiss the counterclaim contending that inasmuch as the allegations sound in medical malpractice defendant was required to submit a certificate of merit to support the pleading. The plaintiff also seeks to strike the ad damnum clause pursuant to CPLR 3017 (c). In addition, the plaintiff seeks extension of time to reply to the counterclaim.
The contested issue on this appeal is whether defendant’s counterclaim is based on common-law negligence or medical malpractice. In this regard, a certificate of merit need only be filed pursuant to CPLR 3012-a to support an action founded on medical malpractice.
The defendant was treated by Dr. Safier on two occasions. The first colonoscopy was aborted since the defendant, in response to a question by Dr. Safier, stated that he took two aspirins per day. Therefore, this first procedure was terminated while in progress since the use of aspirin before surgery *1007 may lead to excessive bleeding. The defendant was required to return to the office for a second colonoscopy after abstaining from aspirin for a specified period. During the second colonoscopy, a polypectomy was performed and a polyp was removed.
The specific issue to be resolved is whether Dr. Sailer’s failure to instruct his patient to abstain from taking aspirin for some period of time before undergoing a colonoscopy with the possibility of surgically removing one or more polyps amounts to medical malpractice or common-law negligence.
An act of omission or commission may be negligent conduct and if committed by a physician is designated as a medical malpractice action. The standard of conduct is made up by medical doctors practicing in a given community. Whether Dr. Safier, by failing to instruct his patient to abstain from ingesting aspirin, under the circumstances, departed from good and accepted medical practice is a question of fact requiring expert medical testimony. The defendant, as a lay person, testifying that Dr. Safier did not tell him to abstain from taking aspirin does not suffice to prove a case since there must be expert medical testimony as to whether Dr. Safier departed from good and accepted medical practice (see, Scott v Uljanov, 74 NY2d 673, 674-675, where the court held that "[c]onduct may be deemed malpractice, rather than negligence, when it 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician’. [Bleiler v Bodnar, 65 NY2d 65, 72.]”).
Accordingly, the lower court correctly granted that branch of the plaintiff’s motion to strike the monetary damages set forth in the ad damnum clause of the counterclaim (see, CPLR 3017 [c]).
The defendant also contends that the lower court incorrectly granted, conditionally, that branch of the plaintiff’s motion which sought dismissal of the counterclaim for failure to serve a certificate of merit pursuant to CPLR 3012-a. It is the defendant’s position that inasmuch as CPLR 3012-a only refers to complaints, the Legislature specifically intended to exclude counterclaims from the requirement of serving a certificate of merit.
CPLR 3012-a (a) provides as follows: "[i]n any action for medical, dental or podiatric malpractice, the complaint shall be accompanied by a certificate, executed by the attorney for the plaintiff ” (emphasis added).
The statute in question does not refer to counterclaims or *1008 that the certificate has to be filed by a defendant’s attorney. Thus, it can be inferred that the Legislature intended to exclude counterclaims from the requirement of filing a certificate of merit (see, Koplik v Arnott, 137 Misc 2d 944; cf., Brown v State of New York, 139 Misc 2d 1020). Accordingly, the lower court erred in directing the defendant to file a certificate of merit.
Williams, J., concurs; Monteleone, J. P., dissents in a separate memorandum.