Jane Doe v State of New York (2022 NY Slip Op 05459)

Jane Doe v State of New York

2022 NY Slip Op 05459

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

708 CA 21-01280

[*1]JANE DOE, CLAIMANT-RESPONDENT,
v
STATE OF NEW YORK, DEFENDANT-APPELLANT. (CLAIM NO. 125775.) 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (CHRISTOPHER ANDREW LIBERATI-CONANT OF COUNSEL), FOR DEFENDANT-APPELLANT. 
 

 Appeal from an interlocutory judgment of the Court of Claims (Catherine C. Schaewe, J.), entered February 17, 2021. The interlocutory judgment, inter alia, granted that part of claimant's motion seeking partial summary judgment on the issue of liability. 
It is hereby ORDERED that the interlocutory judgment so appealed from is unanimously reversed on the law without costs and that part of the motion seeking partial summary judgment on the issue of liability is denied.
Memorandum: Claimant commenced this action to recover damages resulting from an incident in which claimant, a patient at a healthcare facility owned and operated by defendant, State of New York (State), was sexually assaulted by another patient at the facility. The State appeals from an interlocutory judgment that, inter alia, granted claimant's motion seeking, among other things, partial summary judgment on the issue of liability. We reverse.
We reject the State's contention that the Court of Claims applied the incorrect principles of negligence to the instant claim. As the court below correctly stated, "[a] hospital has a duty to safeguard the welfare of its patients, even from harm inflicted by third persons, measured by the capacity of the patient to provide for his or her own safety" (N.X. v Cabrini Med. Ctr., 97 NY2d 247, 252 [2002]; see Williams v Bayley Seton Hosp., 112 AD3d 917, 918 [2d Dept 2013]; see generally Mochen v State of New York, 57 AD2d 719, 720 [4th Dept 1977]). A hospital is not, however, "an insurer of patient safety" and is not required "to keep each patient under constant surveillance" (N.X., 97 NY2d at 253). Instead, "[a]s with any liability in tort, the scope of a hospital's duty is circumscribed by those risks which are reasonably foreseeable" (id.).
We agree with the State, however, that the court erred in granting the motion to the extent that it sought partial summary judgment on the issue of liability. Although claimant met her initial burden on the motion by submitting the medical records of her assailant and the affidavit of an expert who opined that those records reflected that the assailant posed a reasonably foreseeable risk, the State raised a triable issue of fact in opposition (see generally Williams, 112 AD3d at 918). Specifically, the State submitted the opinion of an expert explaining that, although the assailant had exhibited sexually inappropriate and sometimes aggressive behavior prior to the assault, such behavior was not uncommon for individuals suffering, as did the assailant, from certain mental health conditions. The State's expert opined that because the assailant had not previously exhibited conduct rising to the sort of violent sexual assault perpetrated against claimant, the assailant's medical history did not render it reasonably foreseeable that he would commit such an act and the healthcare facility's precautions were thus appropriate.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court